HARVEY HOYT *vs.* THEODORE V. KETCHAM.

Fairfield County, March T., 1886. PARK, C. J., CARPENTER, LOOMIS, GRANGER and BEARDSLEY, Js.

A deed of a tract of land contained the following provision : "If any building shall be erected on said tract, the cost of which shall be less than four thousand dollars, or used for other purposes than as a dwelling house, then the whole of said land shall be forfeited and revert to the grantor, his heirs and assigns." Held—

1. That this provision was not a mere restriction or limitation of the right conveyed, nor a mere personal covenant of the grantee that terminated with his death, but was a condition of the title.

2. That this condition was released by a conveyance to a party who held the title, of all the grantor's interest in the property, by the administrator of the grantor with the will annexed; the will giving the executor the power to convey, and the administrator with the will annexed having by statute (Session Laws of 1877, ch. 40) the same power to convey that the executor had.

A quitclaim deed, in this state, is an ordinary and primary instrument of conveyance, and carries to the releasee whatever interest the releasor had in the premises.

The grantee in the deed above mentioned took back a mortgage for a part of the purchase price, and afterwards, on payment of the mortgage, gave the mortgagor a quitclaim of all his interest, not limiting it to his interest as mortgagee, nor referring to the payment of the mortgage, though stating the fact of its existence. Held that the quitclaim conveyed the entire interest of the grantor and released the condition of the original deed.

A right to enter for condition broken is not assignable at common law, but is so under our statute (Gen. Statutes, p. 471, sec. 1 of part 5).

[Argued March 18th—decided June 28th, 1886.]

AMICABLE SUBMISSION, upon an agreed statement of facts, to the Superior Court in Fairfield County; reserved for the advice of this court. The case is fully stated in the opinion.

*S. Fessenden*, for the plaintiff.

*N. R. Hart* and *J. E. Keeler*, for the defendant.

CARPENTER, J. This is an amicable suit reserved for

the advice of this court. The material facts are these : In 1858 William Skiddy conveyed certain land to Mary M. Robertson, wife of William H. H. Robertson. The deed contained the following provision :—"But nevertheless this grant and conveyance is made with this limitation and quali-fication, and on these express conditions, that if, at any time hereafter, any building shall be erected on said tract or any part thereof whose first cost shall be less than $4,000, and which shall be used for any other purpose than a dwelling house, or if said tract shall be used for any other purpose than a meadow or park, then the whole of said tract shall be at once forfeited and revert to the grantor, his heirs and assigns forever. But this limitation is not to apply to any building which shall be erected in the place and on the site of one there previously erected and burnt or pulled down, nor to any building erected on said tract as a grapery or servant's house or out-house of any kind in connection with the present residence of said grantee."

Soon after the deed was given Mrs. Robertson and her husband mortgaged the same property to Skiddy. In 1860 Skiddy quit-claimed his interest therein to W. H. H. Robertson. The plaintiff is now the owner of the premises.

In 1870 William Skiddy died, leaving a will, by which, after making provision for his wife, his property was given in trust for his children during life, remainder in fee to his grandchildren. He left surviving him three children, all of whom have children. The children, by deed dated Febru-ary 26th, 1886, quit-claimed all their interest in the prop-erty to the plaintiff; and on the same day the administrator of the estate of said Skiddy with the will annexed, with the consent and advice of the court of probate, conveyed to the plaintiff all interest which the deceased had in the premi-ses at the time of his death.

The defendant has contracted to purchase the property, and is willing to accept a deed and pay for it, provided the provision in the deed from Skiddy to Mrs. Robertson is not an incumbrance, or defect in the title ; and the question is— whether that provision is such an incumbrance or defect.

The plaintiff contends that it is not, for several reasons:

1. That the language quoted is a restriction and not a condition; that it is in the nature of a personal covenant, and that, after the death of the grantee, neither the grantor nor his heirs can enter for condition broken; and that the grantee being dead the restriction is now removed.

In *Warner* v. *Bennett*, 31 Conn., 468, this court held that similar language in a deed was a condition subsequent and not a limitation. As the language here used is apt and appropriate to raise a condition subsequent, we must, upon the authority of that case, hold it to be a condition and not a restriction merely or personal covenant.

2. In the next place, the plaintiff contends that the quitclaim deed from William Skiddy to W. H. H. Robertson releases to Robertson the right of entry, and so destroys the condition and makes the title absolute in the plaintiff, he having all the title and interest which Mrs. Robertson and her husband had, including the right of reversion. It is conceded that in this state a quitclaim deed is an ordinary and primary instrument of conveyance and conveys to the grantee whatever interest the grantor has in the property. Counsel for the defendant, without controverting this proposition, insist that this deed did not have that effect, for two reasons: First, that the right to enter for condition broken is not assignable. That is doubtless so at common law, and this court so decided in *Warner* v. *Bennett*, (*supra*); but such an interest is now assignable by statute. Gen. Statutes, p. 47, sec. 1, of part 5. Secondly, it is said that that deed was made solely to release the mortgage, and that the parties did not intend that any other interest should be discharged.

Ordinarily the meaning of a written instrument is to be gathered from the language used; and when that language is explicit and free from ambiguity, the court is not at liberty to give it a different meaning or limit its effect, for the reason that it is probable that the parties did not intend all that its language imports. The secret, unexpressed intention of the parties cannot be permitted to vary or change

the meaning of the plain unambiguous language used. In this case there is no room for doubt. The deed says:—"All right, title, interest, claim and demand *whatsoever*, which I the said releasor have or ought to have in or to a certain tract of land, &c." And the effect of this is not destroyed by the statement in the quitclaim that the premises had been theretofore mortgaged to him. It is not stated that the mortgage had been paid, and the same language might have been used for the purpose of more completely identifying the land conveyed.

In *Ely* v. *Stannard*, 44 Conn., 528, the present Chief Justice speaking for this court says:—" A quitclaim or release deed is one of the regular modes of conveying property known to the law, and it is almost the only mode in practice where a party sells property and does not wish to warrant the title. Dr. Webster says in his dictionary—' In law a release or deed of release is a conveyance of a man's right in lands or tenements to another who has some estate in possession.' This is a strictly technical definition; but by long established practice it makes no difference whether the re leasee has an existing estate in possession or not. *The release will convey to him, in any circumstances, whatever interest the releasor has in the property.*"

Besides, as is well said by the learned counsel for the plaintiff, " it is the universal rule that a deed must be construed strictly against the grantor, and must be taken to convey the entire property and interest of the grantor in the premises, unless something appears to limit it to a partial interest."

If Skiddy had intended to limit the effect of his deed to discharging the mortgage it would have been an easy matter to say so; or he might have excepted this reversionary right from its operation. As he has not done so the law conclusively presumes that he intended to convey all his interest to Robertson. This result is reached by whatever rules of construction the matter is tested. It may be that it was an inadvertence, and that the releasor did not intend to discharge this interest. Nevertheless he has in fact done so and the law will afford him no relief.

3. If we are right in this, then the condition was irrevocably gone, and the plaintiff's title is complete. In that event Skiddy at the time of his death had no interest in the property, and there was nothing on which the deed from his administrator could operate. If however by any possibility he had a remaining interest, that interest was conveyed to the plaintiff by the administrator's deed, and the plaintiff must succeed on his third claim. Such a conveyance the will authorized the executors to make; the statute of 1877, chap. 40, page 167, confers the same power upon the administrator with the will annexed; and the parties to that instrument intended to convey that interest and that interest only. That conveyance is not affected by the fact that Skiddy devised that interest with other property to the grandchildren; for they took this, as they did all other property, subject to the power of sale.

The Superior Court is advised that the plaintiff has good title to the property.

In this opinion the other judges concurred; except PARK, C. J., and BEARDSLEY, J., who concurred in the result, but preferred to rest the case solely on the deed given by the administrator.