## IRA A. TUTTLE *vs.* JAMES HARRY.

New Haven Co., Dec. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The plaintiff, in consideration of five dollars to be paid annually, conveyed to the defendant, his heirs and assigns, by an instrument adapted to the conveyance of a fee, but purporting to be a lease, the right to flow

a piece of land in connection with the defendant's mill, the right to cease if he or they ceased to flow for an entire year, and the plaintiff binding himself that the defendant and his heirs and assigns should continue to occupy the premises for such use so long as they should see fit. Held—

1. That the instrument was not a lease from year to year.
2. That it was a grant by deed of an easement appendant to the defendant's mill.
3. That it did not affect the case that the consideration was an annual payment, nor that the term was indefinite. The grantee and those holding the mill property under him would be protected in the use of the land for the purpose named until entry for forfeiture.

[Argued December 7th—decided December 30th, 1887.]

ACTION for the possession of a piece of land; brought to the Court of Common Pleas of New Haven County, and tried to the court before *Deming, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*E. P. Arvine* and *C. A. Harrison*, for the appellant.

1. The instrument is a lease. Courts will lean against such a construction of such an instrument as would tend to a perpetuity. *Carr* v. *Ellison*, 20 Wend., 179; *Piggott* v. *Mason*, 1 Paige, 412; *Banker* v. *Braker*, 9 Abb. N. C., 411; *Morrison* v. *Rossignal*, 5 Cal., 64. It has none of the essentials of a deed, no operative words of conveyance or grant. 3 Washb. on R. Prop., 329; Tiedman on R. Prop., § 803; *Ryan* v. *Wilson*, 9 Mich., 262; *Hummelman* v. *Mounts*, 87 Ind., 178. "Demise" is the term specially used in leasing. Rawle on Cov. for Title, 5th ed., §§ 138, 270, 272; Tiedman on R. Prop., § 178. It is not found in any of the ancient or modern deeds. Devlin on Deeds, § 212. Where there are no words of grant the mere intention to have the conveyed interest continue indefinitely will not make it a deed. *Hummelman* v. *Mounts*, supra. In *Goodwin* v. *Goodwin*, 33 Conn., 314, and *Flannery* v. *Rohrmayer*, 49 id., 27, this court held a lease for nine hundred and ninety-nine years not to be a deed in fee but to convey only a chattel interest.

2. The instrument is a lease from year to year. A lease

that is not from year to year must have a definite term. 1 Swift Dig., 88 ; Williams·on R. Prop., 377 ; Greenl. Cruise on R. Prop., 223 ; Tiedman on R. Prop., §§ 172, 173. A lease which contains no definite term is void, and anciently resulted in an estate at will, but by the more·modern law is construed to be a lease from year to year. 1 Swift Dig., 91 ; Bouvier Law Dict. "Lease," § 10 ; Wood's Land. & Ten., 361 ; Greenl. Cruise on R. Prop., 246 and note 1 ; *Murray* v. *Cherrington,* ·99 Mass., 230. The reservation of an annual rent, when no term is fixed, makes the lease one from year to year. 4 Kent's Com., 114 ; 1 Washb. R. Prop., 370 ; *Roe* v. *Lees,* 2 W. Bla., 1173 ; *Pugsley* v. *Aikin,* 11 N. York, 494 ; *Western Transp. Co.* v. *Lansing,* 49 id., 499 ; *Jackson* v. *Babcock,* 4 Johns., 418. When lands are leased forever, so long as the rent is regularly paid, the tenancy is merely one from year to year, and this is also a rule when an agreement under which the tenant enters provides that the lessor is not to determine the lease so long as the lessee pays the rent and performs the conditions of the lease. It is merely a lease from year to year. Wood's Land. & Tenant, § 22 and cases cited ; *Pidgeon* v. *Richardson,* 4 Ind., 374 ; *Cheever* v. *Pearson,* 16 Pick., 271.

*H. G. Newton* and *H. F. Hall,* with whom was *C. Kleiner,* for the appellee.

PARDEE, J. On January 19th, 1866, the defendant owned a mill site ; he desired to repair the mill ; also to raise the dam and flow land of the defendant. On that day the latter executed and delivered to him a writing as follows :—

" Know all men by these presents that I, Ira A. Tuttle, of the town of Wallingford, in the county of New Haven and state of Connecticut, for and in consideration of five dollars to be paid to me, or to my heirs, executors, administrators or assigns, annually, commencing on the first day of January, 1867, and so on in succession on said first day of January of each succeeding year, the said sum of five dollars to

be paid to me, or to my heirs, or executors, etc., as aforesaid, have demised and leased, and do by these presents demise and lease unto James Harry of Cheshire in said county and state, for and in consideration as aforesaid, one certain piece of land situated in the westerly part of said Wallingford, and contains two acres more or less, and bounded north on my own land, east on my own land and highway, south on Seymour Doolittle, west on the said James Harry. Said piece of land is to be used by the said James Harry, his heirs, executors, administrators or assigns, for the purpose of flowing the same with water for the use of a saw mill and other machinery. Said James Harry and any other person under him is to have no right to raise his dam so high as to flow across the highway at the east end of said described land, excepting in the case of freshets when it cannot be avoided. The said James Harry is to keep a fence at the west end of said land sufficient to keep cattle from passing through said land whenever the water in said pond is so low that the ordinary fence is not sufficient. Whenever the said James Harry or any other persons under him shall cease to flow said land in manner as aforesaid for the term of one year in succession, then this lease is to be void and of no further effect. And I, the said Ira A. Tuttle, in consideration of the payment of the sums aforesaid, do by these presents bind myself and my heirs, executors, administrators and assigns, unto the said James Harry, his heirs, executors, administrators or assigns, that he and they shall quietly use, occupy and enjoy said described premises on the terms and conditions above mentioned so long as he and they see fit to use them for the purpose aforesaid. In witness whereof I have hereunto set my hand and seal in Wallingford, this 19th day of January, 1866.

" IRA A. TUTTLE.     [L. S.] "

The instrument is witnessed by two witnesses and acknowledged before a magistrate, and was duly recorded on the 10th of February, 1866.

Thereupon the defendant repaired the mill and raised the dam, and has from thence continuously flowed the defend-

ant's land. He paid the rent as it fell due, including that of January, 1886; he tendered it for January, 1887; this the plaintiff declined to accept. In December, 1886, the latter notified him to quit possession of the land on or before January 1st, 1887. He did not do so. The plaintiff brought this action for possession, and for rents and profits. Upon the trial the latter claimed the writing to be a lease from year to year, and that the tenancy had been terminated by the notice; the court overruled his claim and rendered judgment for the defendant. The plaintiff appeals, for the reason that the court erred in deciding that the writing was not a lease from year to year.

This instrument is not drawn with professional accuracy; nevertheless the consenting intent of the plaintiff and defendant is quite apparent. Neither intended a lease in the ordinary acceptation of that word. The subject is a piece of unimproved land, there is no expectation that the defendant will build upon or cultivate it; or that he will make any other use of it than to impose upon it such burden of water as he may wish to store for use upon his wheel. It is the grant by deed of an easement appendant to his mill; to him, and to such other persons as may own it; the plaintiff covenanting for himself and his heirs and assigns that the defendant, and those acquiring title from him, shall quietly enjoy the easement for such length of time as they shall observe the condition of the grant. And the length of time of non-user which shall work a forfeiture is fixed by the contract.

The grant to a mill owner of the specific right to flow land for a time having no more definite term of continuance than the grantee's necessities, offends no rule of law or of public policy. An owner may convey the fee, receiving the consideration in the form of a perpetual annual rent, with forfeiture upon non-payment. The law will protect the title in the grantee until entry for forfeiture. And an owner may impose by deed a flowage servitude for such time and upon such conditions as are satisfactory to him.

In this instance the grant is by deed, sealed, witnessed,

acknowledged and recorded; meeting all requirements for a conveyance of the fee absolutely. There is no suggestion by the grantor that any accident or mistake on his part, or fraud or concealment on the part of the grantee, entered into the transaction.

It is of no legal significance that the grant is by deed poll.

By acceptance and use the grantee is as firmly bound to pay rent for the term of use as he would be by covenant.

There would seem therefore to be no bar to the operation of the fundamental rule of interpretation, which requires courts to give effect to the ascertained intent of parties to a contract.

There is no error in the judgment complained of.

In this opinion the other judges concurred.