JAMES LEE LOOMIS *vs.* G. F. HEUBLEIN & BRO.

First Judicial District, Hartford, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

In 1898 a landowner, "for myself my heirs and assigns, lease to [naming him] his heirs and assigns, the exclusive rights to use and have the water of the spring in my pasture in Canton, Conn., and to use" a strip of land one rod in width about the spring and for the same width leading down to the highway, "so long as he pays me a rent of $25 a year in advance and allows plenty of water for the creatures to drink which may be pastured in the lot," with certain other reservations for domestic uses. This instrument was signed, sealed and acknowledged by the landowner and was duly witnessed and recorded. The defendant had acquired, by sundry conveyances, the rights of the orginal grantee or lessee, and the plaintiff, who had succeeded to the rights of the original landowner, sought by written notice to terminate the former's rights at the end of 1915, notwithstanding a tender of the $25 for the ensuing year. *Held:—*

1. That in construing the instrument in question, the court was not to be confined to a consideration of the words "I lease," alone, but was bound to have regard to the language and terms of the whole writing, in order to determine what was in the minds of the parties to the document.

2. That inasmuch as the instrument carried the use and enjoyment of the spring and adjoining land to the "heirs and assigns" of the grantee, and was therefore designed to be perpetual so long as the money payments were made and the other conditions observed, the defendant took a qualified or base fee, which would continue in force so long as such payments and conditions were fulfilled, regardless of any attempt upon the part of the plaintiff to regain possession of the premises.

The so-called owner of land who has conveyed to another a base, qualified, or determinable fee therein, has at most merely a possibility of reverter should the event happen upon which the fee is limited.

Argued October 5th—decided December 19th, 1916.

AMICABLE SUIT to determine the rights of the respective parties in and to a spring of water upon land owned by the plaintiff, brought to and reserved by the

Superior Court in Hartford County, *Case, J.,* upon an agreed statement of facts, for the advice of this court. *Judgment advised for the defendant.*

In 1898 John D. Harger executed and delivered to George B. Fenn an instrument in writing reading as follows: "For myself my heirs and assigns, I lease to George B. Fenn, his heirs and assigns, the exclusive rights to use and have the water of the spring in my pasture in Canton, Conn., and to use such land as is mine for a distance of a rod from and around the spring (except that on the south side the distance shall be only nine feet) and for that width down to the highway, so long as he pays me a rent of Twenty Five ($25) Dollars a year in advance and allows plenty of water for the creatures to drink which may be pastured in the lot and provided that I reserve for myself and to my heirs and assigns the right to lay a pipe of one half inch interior diameter from said spring to the dwelling-house where I now live or the barn connected there-with to convey water exclusively for consumption for domestic purposes at said house or barn. The entrance to the pasture is from the highway which leads past the railroad station at Canton Village and this spring is near the entrance to the pasture. Dated this 31st day of December 1898."

This instrument was under seal, witnessed by two witnesses, acknowledged, and recorded in the town clerk's office of the town of Canton.

Prior to December 16th, 1915, by virtue of sundry conveyances, the defendant became the owner of whatever rights, interest and privileges said Fenn acquired by virtue of said instrument; and the plaintiff, by virtue of sundry conveyances, had become and was then and now is the owner of whatever rights said Harger had in such pasture and spring after the execution and delivery of said instrument. Up to Decem-

ber 16th, 1915, the provisions of the instrument in regard to the payment of rent and the allowance of water having been fully complied with by the defendant and its predecessors in title, the defendant duly tendered the plaintiff $25 in payment for the rent specified in said instrument for the ensuing year, but the plaintiff refused to accept the same. On the 20th day of December, 1915, the plaintiff gave the defendant written notice that it was his intention "to terminate, at the expiration of the current year, to wit, on the 31st day of December, 1915, the lease given by John D. Harger, now deceased, to George B. Fenn, dated December 31st, 1898, and which you now hold by assignment, of the right to use and have the water of the spring in the pasture formerly belonging to said Harger in the town of Canton, Connecticut, and that said lease will terminate on said day, and I hereby give you notice that you are to give possession of the premises and rights now occupied and enjoyed by you under said lease on or before the first day of January, 1916." The defendant did not quit possession of the premises as required by the notice, but is now in possession of the same in the exercise of said rights.

*E. Henry Hyde*, for the plaintiff.

*William F. Henney*, for the defendant.

THAYER, J. The controversy between the parties relates to the construction which is to be placed upon the instrument from Harger to Fenn which is recited in the statement. The plaintiff contends that the instrument is either a lease from year to year terminable by either party upon notice at the expiration of any current year, or that it is a lease for an indefinite time, terminable at the will of the lessee any year, and there-

fore in like manner terminable at the will of the lessor; and that in either case the plaintiff's notice of his election to terminate the lease on December 31st, 1915, operated to terminate it upon that date, and that he is therefore now entitled to possession of the premises in dispute. The defendant contends that the instrument is a deed conveying a fee in the premises to Fenn, his heirs and assigns, qualified or determinable upon the nonpayment of any of the annual payments of $25 therein provided for, and that as the agreed facts show that these payments have been made, the plaintiff has at present no interest in the premises except the right reserved in the deed to take water by a pipe for domestic purposes to the Harger house and barn and water for creatures at pasture.

In the argument and the brief submitted in behalf of the defendant, it has not been disputed that if the instrument in question is a lease, a mere chattel interest in the premises was thereby conveyed and that the tenancy created was either one from year to year or at will. And it has not been, and cannot be, seriously claimed, that if the instrument conveys, as the defendant claims, a fee, although it be what is called a base, qualified or determinable one, the plaintiff has any present interest in the premises except those which are reserved in the instrument. He has at most in such case merely a possibility of reverter should the event happen upon which the fee is limited. 1 Reeves on Real Property, p. 621, § 436; 1 Washburn on Real Property (6th Ed.) p. 78; 10 R. C. L. p. 653; *Lyford* v. *Laconia,* 75 N. H. 220, 72 Atl. 1085; *Whiting* v. *Whiting,* 4 Conn. 179, 182.

The parties are agreed that Harger intended by the instrument to convey to Fenn some interest in the spring and the land surrounding it. We are asked to determine what interest was conveyed and this must

be determined from the deed in question. The words of conveyance used by the grantor were "I lease," and he speaks of the annual advance payments of $25 as rent.

By a lease we ordinarily understand a conveyance of lands or tenements by one person to another for life, or for years or at will, in consideration of rent or other recompense by the latter. *Branch* v. *Doane,* 17 Conn. 402, 411. The words referred to as used by Harger in the instrument now in question were therefore apt words to be used if the parties had contracted for a lease of the spring and adjoining land. In construing the instrument, however, we are not confined to a consideration of these words alone, but are bound to consider the language and terms of the whole instrument to determine what was in the minds of the parties to it. *Connecticut Spiritualist Camp-meeting Asso.* v. *East Lyme,* 54 Conn. 152, 155, 5 Atl. 849; *Tuttle* v. *Harry,* 56 Conn. 194, 198, 199, 14 Atl. 209; *Jamaica Pond Aqueduct Corporation* v. *Chandler,* 91 Mass. (9 Allen) 159, 167. In each of the cases cited, the document under consideration was described as a lease, but was held to convey an estate of a higher nature than a term for life or years or at will. In the present case the document runs from Harger, his heirs and assigns, to Fenn, his heirs and assigns. These last words are essential to convey a fee, but unnecessary in a lease for a term of years or at will. The document names no term for the occupancy of the premises by the lessee, except that it is to be "so long as" he pays the annual rent of $25 in advance. The use and enjoyment of the premises by the lessee and his heirs and assigns is, therefore, to be perpetual, limited upon the nonpayment of the rent. A deed which conveys the absolute possession and enjoyment of land to a person, his heirs and assigns forever, without limitation, conveys an

estate in fee simple. One which conveys the possession and use to a person so long as he makes certain annual payments, or so long as a certain river runs, or tree stands, conveys a qualified or determinable fee. 2 Reeves on Real Property, p. 1021, § 724; 10 R. C. L. p. 652, § 8. In a lease the lessee ordinarily covenants to pay the rent reserved, but there is no such covenant in the instrument before us. The lessee ordinarily signs a lease, but in the present case he did not sign the instrument in question. The purpose for which the leased premises are to be used or occupied is ordinarily stated in the lease, but the uses and purposes of the occupancy in this case are not stated. If the purpose was to convey a fee determinable upon the nonpayment of any of the payments constituting the consideration for the conveyance, we should expect that only the grantor would sign the deed, there would be no occasion for a covenant to make the payments for the first nonpayment determined the estate, and none to state the purpose for which the premises were to be used, for as the estate conveyed in such case would be a fee, the grantee could use the premises as he should see fit. If a fee were intended to be conveyed, the reservation by the grantor of the right to take water from the spring by a pipe for domestic purposes and of water for the creatures while at pasture is explainable and consistent. If a lease terminable in a year or at the will of the grantor was intended, and the title to the property was to remain in him, we would expect to find the instrument limiting the amount of water which the grantee should take from the spring rather than reserving to the grantor the right to take a limited amount therefrom. The provision that the grantee shall have the premises so long as he makes the payments, is entirely inconsistent with the plaintiff's claim that the grantor or his heirs and assigns

may at will at the end of any year terminate the lease and oust the grantee his heirs or assigns from the possession, although payment is tendered.

We think that under the deed Fenn took a qualified or determinable fee in the premises described, and that, no default having been made in the payments mentioned in the deed prior to the institution of this proceeding, the defendant had an estate in fee limited upon its failure to make the annual payment of $25 as provided in the deed. The payment to be due on the last day of December, having been tendered by the defendant and refused by the plaintiff, is to be taken as paid. The notice given by the plaintiff of his intention to terminate the lease and that the defendant was to quit the premises on or before the first day of January, 1916, was without effect upon the rights of the defendant. This being so, the defendant was lawfully in possession of the premises when this action was begun, and the plaintiff had no right to the possession thereof.

The Superior Court is advised to render judgment for the defendant.

No costs in favor of either party will be taxed in this court.

In this opinion the other judges concurred.