JOSEPH BATTISTONE ET AL. *vs.* ANTHONY BANULSKI
ET ALS.

First Judicial District, Hartford, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 4th—decided November 25th, 1929.

*Albert S. Bill,* with whom, on the brief, was *Albert C. Bill,* for the appellants (plaintiffs).

*John C. Blackall,* for the appellees (defendants).

BANKS, J.   Samuel N. Rockwell owned a farm in the town of Newington, and on February 28th, 1859, by warranty deed conveyed a portion of the farm containing sixteen rods to the Southeast School District of Newington "so long as said District shall occupy the

same for school purposes and no longer." On May 29th, 1875, Rockwell conveyed the entire farm, including the portion previously conveyed to the School District, to John H. Poindexter by warranty deed in which no mention was made of any reversionary interest in the school property. The plaintiffs are successors in title of Poindexter to the tract of land conveyed to him by Rockwell. In 1925 the town of Newington abandoned the use of the sixteen-rod plot for school purposes, and thereupon obtained a quitclaim deed of the plot from the son and only surviving heir of Rockwell. The defendants Banulski are successors in title of the town of Newington to the sixteen-rod plot. Both parties claim title to the sixteen-rod plot, the plaintiffs under the warranty deed of the whole farm from Rockwell to Poindexter, and the defendants under the quitclaim deed of the sixteen-rod plot from his son to the town of Newington.

The deed from Rockwell to the School District granted an estate which was to continue only so long as the property was used for school purposes. If at any time it ceased to be so used the title reverted to the grantor. Because the estate might last forever it was a fee. But, since it might be terminated at any time by the discontinuance of such use, it was not a fee simple, but what is usually called a base, determinable or qualified fee. *First Universalist Society* v. *Boland*, 155 Mass. 171, 29 N. E. 524. There remains in the grantor in such a deed a reversionary right contingent upon the happening of the event upon which the fee is limited, which has been called a possibility of reverter. *Loomis* v. *Heublein & Bro.*, 91 Conn. 146, 149, 99 Atl. 483. This interest is similar to if not quite identical with the possibility of reverter which remains in the grantor of land on a condition subsequent, the only practical distinction being that in the former the

estate reverts at once on the occurrence of the event by which it is limited, while in the latter it does not terminate until entry by the person having the right. 23 R. C. L. p. 1103, § 7; *Warner* v. *Bennett,* 31 Conn. 468. As in the case of executory interests and contingent remainders such interests were generally held at common law to be inalienable. *Warner* v. *Bennett, supra.* In the absence of controlling legislation such still seems to be the rule in most jurisdictions. 3 Thompson on Real Property, § 2111; 23 R. C. L. p. 1104, § 9. In 1864 the common-law rule that the right of re-entry for condition broken could not be assigned was changed in this State by legislative enactment. Public Acts of 1864, Chap. 38. The statute then enacted appears, with slight verbal changes, as § 5111 of the General Statutes: "When, after an estate in real estate has been created by grant or devise upon express condition, the reversion shall, before breach of such condition, become vested in any person other than the grantor or his heirs, such person shall, on breach of such condition, have the same right of entry upon such real estate, and the same remedy for such breach, by entry, suit or otherwise, as the original grantor or those who legally represent him, would have, if still owning such reversion." Since the enactment of this statute a right to enter for condition broken may be assigned by the original grantor. *Hoyt* v. *Ketcham,* 54 Conn. 60, 5 Atl. 606. In the deed from Rockwell to the School District the limitation upon the title of the grantee is not cast in the form of a condition, but the effect of the conveyance was to transfer the property to the School District upon condition that it should occupy it for school purposes. The reversionary interest remaining in the grantor was of the same nature as that remaining in the grantor of a deed upon express condition subsequent. This interest he could

convey while the property was still being used for school purposes, and his assignee, upon breach of the condition that the property should be used for school purposes only, was vested with all the rights of the original grantor in the property.

The trial court was of the opinion that, though a possibility of reverter might be conveyed by an instrument in which specific reference was made to the interest conveyed, such reversionary interest would not pass under a deed in which it was not mentioned and which did not therefore express an intention to convey such interest. The court apparently overlooked the rule that a deed will be taken to convey the entire property and interest of the grantor in the premises unless something appears to limit it to a particular interest. *Hoyt v. Ketcham, supra,* p. 63. In that case it was held that a quitclaim deed, given upon payment of a mortgage, which contained the usual recital that the releasor conveyed "all right, title, interest, claim and demand whatsoever" which he had in the property, conveyed to the releasee a right to enter for condition broken although the deed contained no reference to such right. It cannot be said that Rockwell, by his warranty deed to Poindexter, conveyed a less interest in the property than would have passed under a quitclaim deed releasing to him whatever interest he may have had in it. Since his deed contained no statement that it was intended to convey anything less than his entire interest in the property, it must be construed as conveying, and being intended to convey, whatever interest the grantor had in it at the time of the execution of the deed, and therefore to include his reversionary interest in the tract conveyed to the School District.

Since the plaintiffs had by mesne conveyances acquired the reversionary interest of Rockwell in the

School District tract, the title to this tract reverted to them upon the happening of the event which terminated the estate of the School District, and the defendants took nothing by the conveyance from the son of Rockwell to the School District, their predecessor in title.

There is error, the judgment is set aside, and the cause remanded to the Court of Common Pleas with direction to enter judgment in favor of the plaintiffs.

In this opinion the other judges concurred.