EDE ROSANSKY v. J. B. NICHOLS ET AL.

SUPERIOR COURT          LITCHFIELD COUNTY          FILE No. 11711

Memorandum filed January 9, 1947.

*Edward J. Meyers,* of Winsted, for the Plaintiff.

*Hadleigh H. Howd,* of Winsted, for the Defendants.

McLAUGHLIN, J. The plaintiff, by her complaint as amended, seeks a declaratory judgment to determine the rights of the parties concerning a certain strip of land designated as a driveway south of the store of the defendant J. B. Nichols,

situated on Park Place in the city of Winsted, town of Winchester, Litchfield County, together with damages and injunctive relief restraining the defendants from trespassing upon or entering upon the land in dispute.

The defendant Edna J. Nichols claims a right of way acquired by grant as well as adverse user by her and her predecessors in title for a period of twenty-four years of open, continuous and uninterrupted use. During trial the defendants abandoned their claim to any right of way by adverse possession because it developed the defendants rented the use of the driveway from the plaintiff and in fact tried to buy the title to the driveway from the plaintiff in the year 1945. The defendants now limit their claim to a right of way by grant.

The defendant Edna Nichols is the present owner of record of land north of the plaintiff by quitclaim deed of her husband, the defendant Joseph B. Nichols, recorded November 10, 1934, Winchester Land Records, Vol. 75, p. 208, and the defendant Joseph B. Nichols obtained title by warranty deed of Elias G. Daher, recorded September 28, 1925, Winchester Land Records, Vol. 63, p. 443. The said Elias G. Daher obtained title by warranty deed of Isaac Feldman, recorded August 30, 1920, Winchester Land Records, Vol. 58, p. 227.

The plaintiff obtained title to her property south of the property of the defendant Edna Nichols by warranty deed of Irving and Emily Manchester, recorded August 3, 1920, in Winchester Land Records, Vol. 57, p. 206.

On June 19, 1922, the plaintiff and the defendants' predecessor in title, Elias Daher, exchanged quitclaim deeds establishing a definite boundary line, as indicated by engineer's survey (plaintiff's exhibit E) and conveying the fee to all land south of said line to the plaintiff.

It is to be noted that the same Daher conveyed to the plaintiff by warranty deed, recorded June 16, 1922, three horse sheds and the land on which they stand, receiving, however, the right to use the driveway leading thereto, but no such reservation appears three days subsequent, to wit, June 19, 1922, in the quitclaim deed from Elias G. Daher to the plaintiff; in fact by the habendum clause the grantor Daher released to the plaintiff any right or title that he or his heirs or assigns might claim or demand to the premises, which included the driveway in dispute.

It is obvious that in Daher's conveyance to the defendant Joseph Nichols, recorded Vol. 63, p. 443, he was careful not to covenant a definite conveyance of interest in the driveway to the grantee.

"A quitclaim . . . deed is one of the regular modes of conveying property . . . but by long established practice it makes no difference whether the releasee has an existing estate in possession or not. The release will convey to him, in any circumstances, whatever interest the releasor has in the property" *Hoyt* v. *Ketcham,* 54 Conn. 60, 63. . . . "it is the universal rule that a deed must be construed strictly against the grantor, and must be taken to convey the entire property and interest of the grantor in the premises, unless something appears to limit it to a partial interest." Ibid. No such limitation appears in the deed under consideration.

The defendants lay great stress on the testimony of witnesses who from recollection and memory refer to a right of way or driveway at one time used by the members of the Congregational Church as well as by members of the Weirs family, whose property immediately adjoined the church property to the north, and it does not appear to the court that the plaintiff disputes these matters but rather it is the contention of the plaintiff that Elias G. Daher, the defendants' predecessor in title, while possessed of the fee and any easements pertaining thereto, made a conveyance to the plaintiff which gave to the latter the fee in all land or interest therein, which includes the area of the driveway in dispute. (See map, plaintiff's exhibit E, Clarence E. Nickerson, Engr.)

An easement in real estate acquired by deed may be extinguished in whole or in part by written release, and the intent of the owner of the dominant estate to abandon his easement must be clearly indicated by the surrounding circumstances. *Stueck* v. *Murphy Co.,* 107 Conn. 656.

The evidence discloses that Elias Daher never attempted to exercise control or use over this particular driveway after his conveyance to the plaintiff of June 19, 1922, and for many years the defendants, as his successors in title, made no claim, but in fact leased the driveway from the plaintiff.

The court finds defendant Joseph Nichols removed bricks and sand from the plaintiff's land and further that the defendant Joseph Nichols removed the barrier and used the driveway without right or privilege.

The issues are found for the plaintiff on the amended complaint on all counts and a declaratory judgment may enter decreeing the plaintiff as the owner in fee simple of said property and driveway in so far as any interest the defendants claim or might claim.

Wherefore in accordance with the amendment to the complaint, a permanent injunction may issue restraining the defendants Edna Nichols and Joseph B. Nichols, their agents, servants and employees, from trespassing or entering upon said land, and further the defendants are directed to pay damages to the plaintiff in the amount of $300.