ESTATE OF RUTH BRAINARD CUTLER, DECEASED, RALPH D. CUTLER, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16183. Promulgated July 27, 1949.

*John C. Parsons, Esq.*, for the petitioner.
*Paul P. Lipton, Esq.*, for the respondent.

**OPINION.**

LEECH, *Judge*: The sole issue presented is whether the proceeds of five insurance policies on the life of decedent, constituting the corpus of a trust created December 19, 1935, are includible in decedent's gross estate. The respondent contends that the proceeds are includible under the provisions of section 811 (g) (2) (A) of the Internal Revenue Code, as amended by section 404 of the Revenue Act of 1942, and as a transfer made in contemplation of death, or intended to take effect in possession or enjoyment at or after death, within the purview of section 811 (c) of the code. Petitioner contends that the transfer was not made in contemplation of death, that decedent by the trust agreement made a complete irrevocable transfer or gift, retaining no control or incidents of ownership, and that under section 811 (g) only the portion of the proceeds represented by the premiums paid by the decedent after January 10, 1941, is includible in the gross estate.

The trust instrument of December 19, 1935, provided that upon the death of the decedent the trustee was to divide the principal of the trust into as many parts as there were children of decedent then living and deceased children represented by then living issue. Only the designated beneficiaries who survived the decedent could take and, therefore, there existed until decedent's death a possibility that the trust corpus would revert to her by operation of law.

Such a transfer is one falling squarely within the provisions of section 811 (c) as one intended to take effect in possession or enjoyment at or after decedent's death. *Estate of Spiegel* v. *Commissioner*, 335 U. S. 701.

Petitioner makes no contention that if all the designated beneficiaries predeceased the decedent there did not exist a possibility of reverter by operation of law, but contends the possibility that the trust would fail for lack of beneficiaries is so remote as not to require the transfer to be included as intended to take effect in possession or enjoyment at or after death. The degree of remoteness, however, is immaterial. *Estate of Spiegel* v. *Commissioner*, *supra.*

Petitioner makes no contention that under the laws of Connecticut, where the trust was created and under the laws of which it is to be construed, the trust corpus would not have reverted to the decedent had all the beneficiaries predeceased her. Our own research, however, convinces us that under Connecticut law the trust corpus would have reverted to decedent had she outlived the designated beneficiaries. *Battistone* v. *Banulski*, 110 Conn. 267; 147 Atl. 820; *Loomis* v. *G. F. Heublein & Co.*, 91 Conn. 146; 99 Atl. 483.

The only argument advanced by petitioner as to why the *Spiegel* case, *supra*, is not controlling is that the corpus involved in that case was income-producing property, while in the instant case the corpus consisted of insurance policies. Section 811 (c) of the code is applicable to all property without regard to its nature. As stated in the *Spiegel* case, *supra*, the question is whether "some present or contingent right or interest in the property still remains in the settlor so that full and complete title, possession or enjoyment does not absolutely pass to the beneficiaries until at or after the settlor's death."

The proceeds of the insurance policies constituting the corpus of the trust indenture of December 19, 1935, are so clearly includible in decedent's gross estate, under section 811 (c), as a transfer intended to take effect at or after death that we find it unnecessary to determine whether the trust corpus is also includible under section 811 (c) as a transfer made in contemplation of death, or under section 811 (g) (2) (A) of the code, as amended by section 404 of the Revenue Act of 1942.

*Decision will be entered under Rule 50*