GILBERT L. FITCH ET AL. *v.* STATE OF CONNECTICUT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 3, 1952—decided February 3, 1953

*Frank J. DiSesa,* for the appellants (plaintiffs).

*William L. Beers,* deputy attorney general, with whom, on the brief, were *George C. Conway,* attorney general, and *Louis Weinstein,* assistant attorney general, for the appellee (defendant).

BROWN, C. J. In this action claiming that a deed to the defendant be declared null and void and seeking other relief, we found error upon a previous appeal from a judgment for the plaintiffs, and we set the judgment aside and remanded the case with direction to correct the referee's report in accordance with our opinion "and to proceed thereafter in

accordance with law." The plaintiffs then filed in the Superior Court a motion for permission to amend their complaint, and the defendant made a motion for judgment. The court denied the motion to amend and entered judgment for the defendant. The plaintiffs have appealed, assigning error in both of these rulings.

The material facts established by the referee's report as corrected may be thus summarized: In 1864 Benjamin Fitch conveyed a piece of real property to a soldiers' home corporation, with a provision for reverter if the premises should be diverted from the corporate purposes. In 1883 he died. In 1884 Francis S. Fitch acquired title to the reversionary interest by virtue of a deed to him from all of the other heirs and next of kin of Benjamin Fitch. In 1917 the governor's secretary wrote Francis S. Fitch that the federal authorities had informed the state that unless title to the entire property was placed in the state no more federal aid for the home would be forthcoming, and requested that he execute a release of the reversionary interest either to the home or to the state. As a result of this letter Francis S. Fitch thereupon quitclaimed his reversionary interest to the state. In 1927 the corporation conveyed the premises to the state. The use of the property as a soldiers' home was discontinued in 1940.

The plaintiffs originally brought their action on the theory that the deed given by Francis S. Fitch purporting to convey to the defendant his reversionary interest in the land was executed under a mistake of fact consequent upon the letter from the governor's secretary and that the condition upon which the reverter depended had occurred. By their prayers for relief they sought to have the court

declare the deed from Francis S. Fitch void and decree that title had reverted to them as his residuary devisees. Upon the basis of the referee's report, finding that the deed from Francis S. Fitch had been given by mistake, the court found the issues for the plaintiffs and adjudged that they were entitled to the $50,000 fund which had been substituted for the real estate in question. It was upon the defendant's appeal from this judgment that, as stated above, we found error and ordered that, after correction of the referee's report, as directed, the case should proceed in accordance with law. By the amendment of the complaint proposed under their motion, the plaintiffs abandoned their claim of mistake by striking out the paragraph which alleged it and changed the cause of action to one for recovery by them as heirs and next of kin of the original donor, Benjamin Fitch, upon the theory of failure of the charitable trust established by his deed in 1864.

While the plaintiffs do not question that recovery upon the ground of mistake is precluded by our previous decision, they claim that since this court, instead of directing judgment for the defendant, remanded the case to be proceeded with in accordance with law, it was thereby restored to the docket as a case still pending in the trial court. By reason of this they contend that the court should have granted their motion to amend the complaint. It is apparent, however, that though the case was still on the docket of the trial court it differed from the ordinary untried action, because the referee's finding as corrected constituted an essential part of the record in the case. While the plaintiffs on the previous appeal failed to establish any basis entitling them to relief, our purpose in remanding the

case for further proceedings instead of directing judgment was to give them one further opportunity, if they could do so, to present an amendment of their complaint alleging a valid cause of action. As a general rule, a case cannot be presented by halves. *Lamenza* v. *Shelton*, 96 Conn. 403, 413, 114 A. 96. Our course, however, was in accord with that which may be adopted by the court in ruling upon a motion for judgment non obstante veredicto. See *Gesualdi* v. *Connecticut Co.*, 131 Conn. 622, 631, 41 A.2d 771. The most that the plaintiffs were entitled to under the remand was to have their proposed amended complaint tested in connection with the facts established by the report of the referee as corrected. "The reversal of a judgment annuls it, but does not necessarily set aside the foundation on which it rests. This foundation may be sufficient to support a judgment of a different kind, and may be such as to require it. A reversal therefore is never, standing alone, and *ex vi termini,* the grant of a new trial. If the error was one in drawing a wrong legal conclusion from facts properly found and appearing on the record, it would be an unnecessary prolongation of litigation to enter again on the work of ascertaining them." *Coughlin* v. *McElroy*, 72 Conn. 444, 446, 44 A. 743. In the usual case of a timely offer of an amendment before trial, the rule applicable is "that substantive rights are not to be determined upon a motion for permission to amend." *Smith* v. *Furness*, 117 Conn. 97, 99, 166 A. 759; *Newman* v. *Golden*, 108 Conn. 676, 679, 144 A. 467; *Cook* v. *Lawlor*, 139 Conn. 68, 72, 90 A.2d 164. Upon the situation presented by the record in the instant case consequent upon our decision of the earlier appeal, this restriction upon the trial court's discretion was not controlling. On the contrary, in passing upon the motion for

permission to amend, an essential matter for its determination was whether the plaintiff's complaint as supplemented by the proposed amendment would constitute a valid cause of action. If, considered in connection with the facts found and under the legal principles applicable, the amendment failed to impart such validity to the complaint, there was no abuse of the court's discretion in its disallowance.

A consideration of the facts established by the referee's finding, in the light of the controlling legal principles, leaves no doubt that the proposed amended complaint of the plaintiffs did not set forth a cause of action which entitled them to any relief. Benjamin Fitch's deed to the soldiers' home corporation in 1864, providing that the premises would revert to him or his legal representatives if diverted from the contemplated use, created a base or determinable fee. As we have stated of a like situation: "Because the estate might last forever it was a fee. But, since it might be terminated at any time by the discontinuance of such use, it was not a fee simple, but what is usually called a base, determinable or qualified fee." *Battistone* v. *Banulski,* 110 Conn. 267, 268, 147 A. 820. At common law the rule appears to have been that possibilities of reverter were inalienable. In Connecticut, however, transfer of a right of entry for condition broken, and, by analogy, of a possibility of reverter, has been permissible since 1864, when the predecessor of the present § 7118 of the General Statutes was adopted. Public Acts 1864, c. 38; *Battistone* v. *Banulski,* supra, 269; see Restatement, 2 Property § 159. We recognized that such a transfer was effective at page 540 of our opinion on the previous appeal, stating: "[Francis S.] Fitch owned the reversionary interest and could convey it if he saw fit to do so." Furthermore, the referee's

express finding is that in 1884 Francis S. Fitch became the sole owner of the reversionary interest in the property by a deed from all of the other heirs and next of kin of Benjamin Fitch. The deed from Francis S. Fitch to the defendant in 1917 specifically included "all right, title and interest I might have in said property by way of reversion, remainder or otherwise." This reference in the deed to a reversionary interest was not essential; *Battistone* v. *Banulski,* supra, 270; as it is, the deed leaves no doubt that under it the possibility of reverter passed to the defendant. This deed, in conjunction with the deed from the corporation in 1927, bestowed full title in fee upon the defendant. Therefore, as a matter of law, it was clear on the record before the trial court that there was no right of reverter in the plaintiffs.

The situation is well summed up in these words from the conclusion of the defendant's brief: "We agree that it was a base fee. We agree that the contingency occurred. We agree there was a possibility of a reverter which ripened. One further fact is determinative of this case. The possibility of reverter has been validly conveyed to the defendant, the State of Connecticut." The position of the plaintiffs would not have been bettered in any way by the allowance of the amendment. The court did not err in denying the motion to amend. By the same token it did not err in entering judgment for the defendant.

There is no error.

In this opinion the other judges concurred.