River Road, Inc., et al. *v.* Helen Eichacker et al.

Superior Court      Middlesex County      File No. 13749

Memorandum filed February 9, 1961

*Carlos B. Ellis,* of Middletown, for the plaintiffs.

*Halloran, Sage, Phelon & Hagarty,* of Hartford, for the defendants.

MacDonald, J. In this action to quiet title to three parcels of land in the town of Portland, plaintiffs primarily base their claim to ownership upon a quitclaim deed from the defendant Eichacker to the plaintiff Bailey, dated July 9, 1957, duly executed and recorded, conveying grantor's undivided one-half interest in the property described, but containing the following express condition: "It is specifically understood and agreed between the grantor and the grantee herein that the grantee, his heirs or assigns, will convey the herein described undivided one-half (½) interest in land to the State of Connecticut within one (1) year from the date hereof, otherwise this deed will be null and void, in which event the grantee herein, his heirs or assigns will

reconvey to the grantor herein, her heirs or assigns the within described undivided one-half (½) interest in said premises."

Under our law, this conveyed to Bailey a fee which could be conveyed by him to others but which was defeasible unless the condition expressly imposed was strictly complied with. *Battistone* v. *Banulski,* 110 Conn. 267, 269. It created in Bailey merely "an estate which is to continue till the happening of a certain event, and then to cease. . . . Because it may end on the happening of the event, it is what is usually called a determinable or qualified fee." *Connecticut Junior Republic Assn., Inc.* v. *Litchfield,* 119 Conn. 106, 114. This type of determinable fee has been recognized by our Connecticut courts since an early date. See *Daniels* v. *Alvord,* 2 Root 196 (1795).

The question to be determined here is whether or not Bailey did, in fact, comply with the express condition upon which his fee depended by conveying his half interest in the property thereby acquired "to the State of Connecticut within one (1) year from the date" of said deed, or on or before July 9, 1958.

There is little doubt that Bailey made every effort to comply with the terms of the deed; that he did sign a warranty deed of the property to the state of Connecticut and deliver it to someone connected with the state of Connecticut, probably in the board of fisheries and game or the park and forest commission; and that this deed was returned by the chief of the land acquisition division, board of fisheries and game, to Bailey's attorney on or about August 23, 1957, and, as testified to by the attorney, handed back by him to Bailey. This document was never recorded and, by inference, was not acceptable to the state of Connecticut for some reason which does not appear from the evidence except from the

language of the letter of the chief of the land acquisition division, wherein he states that he still hopes the matter can be resolved at some future conference with Bailey, indicating, at least, that it was not then resolved in a manner acceptable to the state.

From the foregoing, it seems quite clear that the deed from Bailey was not accepted by the state, and without such acceptance the land was not conveyed to the state, since a deed, to convey title, must be delivered and accepted. *Wiley* v. *London & Lancashire Fire Ins. Co.*, 89 Conn. 35, 45. Since the land was not conveyed to the state within one year from July 9, 1957, Bailey's fee automatically terminated on July 9, 1958, and the undivided one-half interest in controversy here reverted on that date to the defendant Helen Halliday Eichacker, and remained in her until March 29, 1960, when she conveyed it to the defendant Charles P. Taft by quitclaim deed of that date.

The court finds, therefore (1) that any interest in and to an undivided one-half interest in and to the property described in the complaint herein which was conveyed by the defendant Helen Halliday Eichacker to the plaintiff Robert F. Bailey, his heirs and assigns, by quitclaim deed dated July 9, 1957, and recorded in volume 57 of the Portland land records at pages 59-60 reverted to said defendant on July 9, 1958; (2) that said interest remained in said Helen Halliday Eichacker until March 29, 1960; (3) that by virtue of a certain quitclaim deed dated March 29, 1960, and recorded in volume 64 of the Portland land records at pages 290-291, said interest of Helen Halliday Eichacker was conveyed to Charles P. Taft, that said Charles P. Taft now is and since March 29, 1960, has been the owner of said undivided one-half interest in and to said property,

and that neither the plaintiff Robert F. Bailey nor the plaintiff River Road, Inc., has any right or title in or to said undivided one-half interest in and to said property, nor has had since July 9, 1958.

Judgment may be entered accordingly, indicating also that defendants may recover their taxable costs herein.