MINNIE A. O'LEARY *vs.* ELTON R. SKILTON.

Third Judicial District, Bridgeport, April Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

It is not essential for a lessor, in an action brought by him upon the lessee's covenant to pay rent, to prove that the lessee has at any time been in possession of the premises; if the lessee has been wrongfully prevented from taking possession, that is matter of defense.

The commencement of an action for rent by a lessor under a lease executed in his name by an agent, is in itself a ratification of the act of the agent, and no further proof of his authority is necessary to sustain a recovery by the plaintiff.

Although a lease for more than one year is ineffectual as against third parties unless it complies with the formal requirements of § 5097 of the General Statutes, it is, nevertheless, valid and binding as between the lessor and lessee, provided it is evidenced by a written memorandum sufficient to remove it from

that clause of the statute of frauds relating to agreements not to be performed within one year; and if the memorandum be signed by the party sought to be charged, it is of no consequence that the signature of the other be missing or defective.

There is no occasion for the trial court to find facts admitted in the pleadings.

Argued April 21st—decided May 12th, 1925.

ACTION to recover rent alleged to be due from the defendant under a lease of the plaintiff's premises, brought to the District Court of Waterbury and tried to the court, *Makepeace, J.;* judgment for the defendant, and appeal by the plaintiff. *Error; judgment to be entered for plaintiff.*

*James M. Lynch,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

MALTBIE, J. The plaintiff brought her action alleging that she had on April 10th, 1924, leased certain premises to the defendant by a written lease, a copy of which is annexed to the complaint; that the defendant entered into possession of the premises pursuant to the lease; and that he had failed to pay the rent due on July 1st, 1924. The lease purported to be one for the term of two years from March 10th, 1924, for an annual rental payable in monthly instalments, and to be executed by "Minnie A. O'Leary, by Arthur F. O'Leary, her agent," and by the defendant. The defendant in his answer admitted that the rent due on July 1st, 1924, had not been paid, but denied the other allegations of the complaint. The plaintiff called one witness, O'Leary; upon the conclusion of his direct examination, during which the lease was introduced in evidence, both parties rested; and thereupon the trial court gave judgment for the defendant. It has found that the lease was executed by O'Leary,

who signed the plaintiff's name as it appears upon the copy annexed to the complaint; that there was no evidence tending to show the existence of the relationship of principal and agent between him and the plaintiff, nor was there produced a written power of attorney; and that, while the defendant at one time occupied the premises, it did not appear that he was in possession at the time of the trial, or in July. The trial court reached the conclusion that, in the absence of evidence showing agency in O'Leary to represent the plaintiff, the purported lease was not the act of the plaintiff, and was inoperative and void. The plaintiff has had all the testimony certified to this court, and now seeks to have all of the findings of the court stricken out except that as to O'Leary's execution of the lease, and to have inserted certain paragraphs from her draft-finding to the effect that the defendant entered into possession of the property under the lease and has not surrendered it, and that the rent falling due on July 1st, 1924, has not been paid.

The court but stated the plain truth when it found that there was no evidence introduced of any precedent authority in O'Leary to execute the lease, or of any power of attorney held by him from the plaintiff. Whether or not the defendant was shown to be in possession of the property at any time is, at least as the case is here presented, an immaterial circumstance; the action being upon the covenant of the lease obligating the defendant to pay the rents specified, proof of that covenant and a failure on his part to pay would establish a cause of action, unless he could show that he was prevented from taking possession by some act or fault of the plaintiff. *Miller* v. *Benton*, 55 Conn. 529, 545, 13 Atl. 678; *Douglass & Easton* v. *Branch Bank*, 19 Ala. 659, 661; *Slier* v. *Surget*, 18 Miss. (10

Sm. & M.) 154; *Birckhead* v. *Cummins,* 33 N. J. L. 44; 2 Chitty, Pleading (16th Amer. Ed.) p. 184; 2 Taylor, Landlord & Tenant (9th Ed.) § 624; Practice Book, p. 327, Form 5. Nonpayment of the rent due July 1st being admitted in the pleadings, there is no occasion to find that fact. Plaintiff's claims for the correction of the finding are without merit.

The two questions vital to the plaintiff's case are these: Is she debarred of recovery, first, because O'Leary had no authority to represent her at the time he executed the lease, or, secondly, because of a failure to meet the formal requisites of the statutes as regards a lease for more than one year? The condition of the record makes difficult our approach to these issues. Thus it is not found that the defendant executed the lease; this is, however, clearly an oversight; it has been assumed by both parties in their arguments before us that he did execute it, and that is conceded in defendant's brief; and we are justified in taking the case as so made by the pleadings, in view of the failure of the defendant in his answer to deny specifically the execution of the lease. General Statutes, § 5632. Again, the questions we have stated are not clearly raised upon the record; but they were necessarily involved in the judgment and were fully argued before us, and we have decided to overlook this defect.

As regards the first question, the trial court, no doubt because counsel failed to stress the point, did not note the fact that the plaintiff has brought this suit upon the document executed by O'Leary in her behalf and in her complaint has alleged that by it she leased the premises to the defendant. Here on the face of the papers is a clear ratification of O'Leary's act, which related back to the time of the execution of the lease and was "tantamount to a prior com-

mand." *Shoninger* v. *Peabody*, 57 Conn. 42, 47, 17 Atl. 278; 1 Mechem, Agency (2d Ed.) § 446 *et seq.* As the case stands, there is no foundation for the contention of the defendant that, as the lease would not be binding upon the plaintiff unless she saw fit to ratify it, there was lacking that mutuality of obligation which would make it obligatory upon the defendant; if it had appeared that he had taken steps to withdraw his consent to it before the action was brought, a different situation might have been presented. 1 Mechem, Agency (2d Ed.) § 514 *et seq.*

In support of his claim that there were lacking the formal statutory requisites to make the lease enforceable, the defendant makes his appeal to § 5097 of the General Statutes, which provides that no lease for any term exceeding one year "shall be effectual against any other person than the lessor and his heirs, unless it shall be in writing, and executed, attested, acknowledged and recorded, in the same manner as deeds of land." This statute does not, however, apply as between lessor and lessee, but only as regards the rights of third parties. *Johnson* v. *Phœnix Mut. Life Ins. Co.*, 46 Conn. 92, 102. The lease is, indeed, within the terms of the statute of frauds; *Garber* v. *Goldstein*, 92 Conn. 226, 102 Atl. 605; but, as already pointed out, it is conceded that the defendant executed it, and hence the plaintiff, however defective may be her own execution of it, may enforce it against him; *Hodges* v. *Kowing*, 58 Conn. 12, 18, 18 Atl. 979; *Kilday* v. *Schancupp*, 91 Conn. 29, 33, 98 Atl. 335; and, under the statute, the agency of the person signing the agreement may be proved by parol. *Lipkowitz* v. *Freedman*, 96 Conn. 84, 113 Atl. 152. As the plaintiff's case rests, then, upon a valid and enforceable lease and the defendant has failed to pay the rent due by its terms, she is entitled to judgment for that rent, with interest.

There is error; the judgment is set aside and the cause remanded with direction to enter judgment for the plaintiff to recover $250, with interest.

In this opinion the other judges concurred.