S. HOWARD COHAN *v.* MICHAEL CZUCHNOWSKI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-617-5986

Argued March 15—decided June 20, 1963

*Harold Sobel,* of Bridgeport, for the appellant (defendant).

*Jonas J. Meyer III,* of Bridgeport, for the appellee (plaintiff).

LEVINE, J. The plaintiff brought this action to recover from the defendant maker the balance due on a promissory instalment note made payable to the order of the plaintiff. The defenses are that there was no default in the instalment payments due and failure of consideration. The court found that on December 9, 1960, the defendant issued his promissory note to the plaintiff in the sum of $529.92, payable in monthly instalments of $44.16 each. The consideration for the note was dental work rendered to the defendant about three months before the execution of the note. The plaintiff endorsed the note to the Connecticut National Bank, hereinafter referred to as the bank, which received payments thereon. On June 2, 1961, the April and May instalments being unpaid, the bank notified the defendant that a default had been declared and that the entire balance of $398.20 was due. Thereafter, on June 15, the bank received complete payment of the unpaid balance from the plaintiff endorser and agreed with the plaintiff to deliver the note for the purpose of collection to the attorneys representing the plaintiff. On June 27, 1961, after the plaintiff had paid the bank, the bank received a check to its order from the defendant in the sum of $132.48, with a notation thereon "3 mos. @ 44.16." The bank cashed the check and on June 29 sent its own check

in the same amount payable to the plaintiff's attorney with a notation "in payment of Michael F. Czuchnowski," which the attorney deposited to his trustee's bank account. The plaintiff's attorney had drawn a writ, summons and complaint in the matter on June 28, and they were served on the defendant on June 30; in them were claimed, without specification of any amount, the "principal balance, late charges and a reasonable attorney's fee all according to the terms of the note." The court found that the charge for the dental work was fair and reasonable; that the amount due on the note was $264.96 plus late charges of $13.26 and $136 as a reasonable attorney's fee; that the bank accepted late payments after notice of default and that this is not unusual procedure on the part of the bank; that the plaintiff signed under oath an affidavit of debt dated August 24, 1961, which he filed in court, crediting the defendant with the amount of $132.48; and that that sum was never offered to be returned to the defendant by either the bank or the plaintiff or his attorney. The court concluded that the defendant was in default on June 2, 1961, and the entire balance was due, and that the conduct of the plaintiff, his attorney and the bank did not constitute a waiver of payment of the entire balance.

The defendant assigns error in the refusal of the court to find certain material facts and in the court's conclusions as to waiver of the default and the reasonableness of the attorney's fee. With respect to the four paragraphs which the court refused to find, "[a]lthough there may be, as the defendants claim, testimony of witnesses in support of these paragraphs, they do not thereby become admitted or undisputed facts. The trial court is the final arbiter of the credibility of evidence and may accept or reject parts of the testimony of a single witness." *Vitale* v. *Gargiulo,* 144 Conn. 359, 363. The finding may be

corrected by this court only in accordance with Circuit Court Rule 7.26.1.

With respect to claimed error in the conclusion of the court that there was no waiver of the default by the plaintiff, his attorney or the bank, the plaintiff's attorney, in accepting the bank's check on June 29 with the words "in payment of Michael F. Czuchnowski" written thereon, was acting as the agent of the plaintiff. " 'An attorney at law has authority, by virtue of his employment as such, to do on behalf of his client all acts, in or out of court, necessary or incidental to the prosecution or management of the suit, and which affect the remedy only, and not the cause of action. This includes the right to demand and receive payment in money of the client's debts; and part payments are within his power to receive as well as payments in full.' " *Garrett* v. *Hanshue,* 53 Ohio State, 482, 494. In addition thereto, the plaintiff, by his affidavit of debt, signed under oath and filed in court, stated that $132.48 had been paid on account. He thereby ratified what his attorney had done by accepting the benefit of the payment and is bound by the attorney's acceptance. "Whatever the lack of authority or of the possible proof thereof may have been at the time of the agents' acts on its behalf, the subsequent suit brought by the plaintiff constituted a complete ratification. Under such circumstances, proof of actual authority was unnecessary. *O'Leary* v. *Skilton,* 102 Conn. 475, 478." *Socony-Vacuum Oil Co.* v. *Elion,* 126 Conn. 310, 319. The affidavit of debt indicates clearly ratification of the agent's act which related back to the date of the acceptance by the agent on June 29. The acceptance on June 29 of the bank's check and its deposit in the attorney's trustee account (an indication that the attorney was holding the proceeds for another—in this case the plaintiff) cured the default, reinstated the

note, and brought up to date the instalment payments due.

It is well settled "[t]hat it is the service of the writ, that, in this state, is the commencement of an action, and not the issuing of it." *Sanford* v. *Dick,* 17 Conn. 213, 215. This action was commenced on June 30 with the service of the writ, summons and complaint on the defendant, on which date the defendant's promissory note was in good standing, and therefore suit could not be maintained on the same.

In view of this decision of this court, it will be unnecessary to review the last assignment of error, as to the reasonableness of the attorney's fee.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion PRUYN and KOSICKI, Js., concurred.