## SAMUEL GARBER *vs.* ISAAC GOLDSTEIN.

Third Judicial District, Bridgeport, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The existence or nonexistence of a material fact in issue, which is properly submitted to the jury, is conclusively settled by their verdict.

An allegation of fact which is admitted by both parties is not in issue and therefore is not a matter for the jury's determination.

Whether a memorandum or informal writing constitutes a lease or only an agreement to make a lease, is to be determined by the intent of the parties as gathered from the language used when read in the light of the attendant circumstances.

An understanding between the parties—as in the present case—that a formal lease is to be executed in the future, does not necessarily and as matter of law preclude the memorandum or informal writing evidencing the terms of the undertaking, from being treated as a lease, if it is clear that the parties so intended.

In the present case the trial court instructed the jury that the memorandum signed by the defendant was a lease, unless the parties had agreed that a formal lease was to be executed thereafter, and left that question to the jury, who found, by their verdict for the plaintiff, that there was no such agreement,—a conclusion which was directly contrary to the undisputed evidence. *Held* that this instruction, which practically took the main issue in the case away from the jury, was erroneous and prejudicial to the defendant.

An oral lease for two years is within the statute of frauds and is not actionable unless evidenced by a sufficient memorandum in writing.

A writing in the form of a receipt for a given sum of money as a deposit on a store (giving street and number), and stating the duration of the term, the rent to be paid, the name of the lessee, and which is signed by the defendant landowner, is a sufficient memorandum to take the case out of the statute of frauds.

Argued October 23d—decided December 15th, 1917.

ACTION to recover damages for an alleged breach of contract in preventing the plaintiff from taking possession of a certain store theretofore leased to him by the defendant, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe,*

*J.*; verdict and judgment for the plaintiff for $374, and appeal by the defendant. *Error and new trial ordered.*

*Walter J. Walsh,* for the appellant (defendant).

*Philip Pond,* for the appellee (plaintiff).

WHEELER, J. That part of the case which requires discussion is confined to a single issue.

Both parties agree that they entered into an oral agreement, the terms of which were in part contained in the following instrument, Exhibit A, executed and delivered to the plaintiff by the defendant:—

New Haven, Conn.

Received of Mr. S. Garber the sum of $40 as a deposit on store 122 Congress Avenue for the sum of $80 per month from March 15, 1915, to March 15, 1916, and the remainder of two years at the rate of $85 per month.

Isaac Goldstein.

The defendant claimed in evidence, that as a part of the agreement the plaintiff was to give him a bond guaranteeing the payment of the rent, and that the parties mutually agreed that a formal lease should be prepared and executed before possession should be taken by the plaintiff. The plaintiff disputed the agreement that he was to give this bond. He admitted that there was an agreement to make a more formal lease. While his counsel now claim, and some attempt was made by him on the trial to claim, that this formal lease was not to be made until after the plaintiff had possession, we think his own evidence, as a whole, does not admit of this construction. But, whether this is so or not, it does not change the issue before the jury. That was, that the plaintiff claimed that the agreement

made was a letting, and the defendant claimed that it was a mere agreement to lease.

The defendant requested the court to charge the jury that it was incumbent upon the plaintiff to prove that he had a written lease, and not an agreement for a lease; that the instrument executed by the defendant did not constitute a lease, and was not a sufficient memorandum to take the case out of the statute of frauds.

The court charged the jury that the principal issue to be decided was whether a lease was in fact made, and that if they found Exhibit A was signed by the defendant and delivered to the plaintiff, and that the plaintiff had not failed to carry out some condition resting in parol and collateral to the instrument and made at the time it was executed and a condition precedent to the right of the plaintiff to possession, and that the execution of no more formal instrument was contemplated, then Exhibit A was a valid lease.

The existence of an agreement to furnish the bond was in issue, and the verdict of the jury was conclusive that no such agreement existed.

The agreement to execute and deliver a formal lease was not in issue; both parties admitted the existence of this agreement. If the existence of this agreement to make a formal lease were decisive of whether Exhibit A were a lease, the jury should have been instructed that Exhibit A was not a lease.

That was not the legal situation. Whether the parties had agreed to make a lease or had made an agreement to lease, was to be determined "upon the intention of the parties as gathered from the language used when interpreted in the light of the surrounding circumstances." *Johnson* v. *Phoenix Mut. Life Ins. Co.*, 46 Conn. 92, 101. If the parties intended the agreement to be one of letting it will so operate, notwithstanding a formal lease is to be later on executed. If,

on the other hand, the parties intended that their agreement should be as finally evidenced by a formal lease, until the execution and delivery of the written instrument the lease does not exist. *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209, 213, 39 N. E. 75; *Franke* v. *Hewitt*, 56 N. Y. App. Div. 497, 501, 68 N. Y. Supp. 968.

The court, by its charge that Exhibit A was a lease unless it was made subject to collateral conditions and unless there was to be a formal lease delivered later, took the question of whether the parties had made a lease, or had merely made an agreement to lease, which defendant requested might be submitted to the jury, away from the jury, and this we think was error.

Nor can we properly say that the verdict, equivalent as it was in the light of the charge to a finding that the parties had not agreed to make a more formal lease, made this omission to charge harmless.

The question of what the parties intended, whether to make a lease or an agreement for a lease, was one of fact for the jury, and one which the jury, under the instruction of the court, did not have before it, for the court had not submitted it to them. And, further, the finding of the jury was exactly contrary to the undisputed evidence.

The jury should also have been instructed that if they found the agreement as made was one of lease, since it was oral and not to be performed within one year, under our statute of frauds (§ 1089) no action could be maintained upon it by the plaintiff unless there was a memorandum of it in writing signed by the defendant, the party to be charged; *Fisk's Appeal*, 81 Conn. 433, 437, 11 Atl. 559; and that Exhibit A, which admittedly evidenced the agreement, was a sufficient memorandum to take the case out of the statute of

frauds, since it described the store to be leased with reasonable certainty, gave the term of the lease, the rent to be paid, the names of lessor and lessee, and was duly signed by the lessee, the present defendant. *Nichols* v. *Johnson*, 10 Conn. 192, 198; *Shelinsky* v. *Foster*, 87 Conn. 90, 96, 87 Atl. 35.

There is error and a new trial is ordered.

In this opinion the other judges concurred.