JAMES E. BENNETT ET AL *vs*. THE UNITED LUMBER AND SUPPLY COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 3d—decided March 29th, 1932.

*John G. Confrey,* with whom, on the brief, was *Abraham Zweigbaum,* for the appellants (plaintiffs).

*Arthur Klein,* with whom was *Frederick M. McCarthy,* for the appellees (defendants).

BANKS, J. The complaint alleges the breach by the defendants of an agreement in writing, a copy of which is annexed to the complaint and the execution of which is admitted by the defendants. The agreement recites that various suits are pending between the parties, or in which they have an interest, and that it is their desire that such suits, and the differences between them, be settled and fully adjusted, and provides that The United Lumber & Supply Company will assign to Hannah Bennett (one of the plaintiffs herein) certain mechanics' liens held by it and two notes of $1000 each held by it of which one Vicidomino was the maker, and that, upon the delivery of such assignments, the parties of the first part (the plaintiffs herein) will pay to the Supply Company the sum of $2000, "provided the estate of the said Vicidomino is not insolvent." The agreement further provides for a general release of the respective claims of

the parties against each other. The complaint alleges that the defendants have neglected and refused to assign the mechanics' liens and notes, but contains no allegation of performance or of readiness and willingness to perform the plaintiffs' obligations under the agreement. The defendants did not demur to the complaint, but in the answer denied that they had neglected and refused to assign the liens and notes, and in a special defense alleged that the assignment of the liens and notes was to be made upon the payment by the plaintiffs of $2000, and that the latter had neglected and refused to make such payment. To this special defense, the plaintiffs replied that they agreed to pay $2000 to the defendants only in the event that the estate of Vicidomino was not insolvent, alleged that his estate was insolvent, and denied the defendants' allegation that they had neglected and refused to make such payment. The defendants in turn denied that Vicidomino's estate was insolvent, and the parties went to trial upon the issues thus framed, each claiming that the other had breached the agreement, the principal and apparently decisive question being that of the solvency or insolvency of the estate of Vicidomino.

On the second day of the trial, the court having directed the attention of counsel for the plaintiffs to the fact that the complaint contained no allegation of performance or of readiness and willingness to perform on their part, counsel offered an amendment of the complaint containing an allegation that the plaintiffs were ready and willing to perform all the obligations on their part under the agreement. During a conference in chambers, suggested by the court, the defendants made an offer of settlement which the court thought was a fair one and one which the plaintiffs ought to accept, but which the plaintiff Bennett, who,

the finding states, is a man of an extremely litigious and unreasonable nature, absolutely refused to consider. The court thereupon advised counsel that if the proposed settlement was not agreed to by the plaintiffs, the proposed amendment would not be allowed and a verdict would be directed for the defendants. Thereafter the court denied the plaintiffs' motion for permission to amend the complaint, and, upon the conclusion of the plaintiffs' case, the defendants resting their case without offering any evidence, the court directed a verdict in favor of the defendants.

The court found that the jury docket in New Haven County was then very greatly congested, that fourteen other jury cases were ready and waiting to go on trial, and that to have tried this case to a conclusion would have consumed at least an additional full day's time before the court and jury and probably considerably longer.

The plaintiffs assign error in the court's refusal to allow the amendment to the complaint and the direction of a verdict in favor of the defendants, in the denial of the plaintiffs' request for permission to withdraw the complaint or for a voluntary nonsuit, and in certain rulings on evidence. While the allowance of amendments to pleadings is largely in the discretion of the trial court, it is a legal discretion the exercise of which is subject to review. Under our liberal practice in the allowance of amendments, both before and during trial, ordinarily the trial court would not hesitate to grant a formal amendment to the complaint for the purpose of curing a defect which the court itself had pointed out to counsel during the trial. The court in its finding states two reasons for its action in disallowing the proposed amendment to the complaint, first, the refusal of the plaintiff Bennett to

accept an offer of settlement which the court thought was fair, and one which he ought to accept, and second, that the allowance of the amendment would affect the rights of litigants in other cases which were ready for trial. Neither of these reasons would justify the disallowance of an amendment which otherwise the court would have allowed. Desirable as it is for courts to encourage the settlement of pending controversies, to condition the allowance of a proper amendment upon the acceptance of certain proferred terms of settlement is to abuse the legal discretion vested in them; and this is true though the court deems the party affected to be litigious and unreasonable. Nor is it sufficient reason that the allowance of the amendment may result in a long trial with consequent delay in disposing of the suits of other litigants. No litigant should be denied his right to have his cause heard because of the fortuitous condition of the docket of the court, and the resultant effect upon litigants in other cases awaiting trial. In the absence of other reasons justifying the exercise of its discretion, we feel bound to hold that the court's denial of permission to file the proposed amendment to the complaint was harmful error.

The defendants contend that in no event could recovery be had by the plaintiffs, since the damages alleged in the complaint are too remote, and such as could not have been within the contemplation of the parties when the contract was made. It is true that the special damages alleged to have been suffered by the plaintiffs are largely of that character. It does not follow that the jury, if it found that the defendants had breached the agreement, could not justifiably have found that the plaintiffs had suffered damage which was within the contemplation of the parties at the time of the execution of the agreement.

The agreement recites that it is between Bennett and his wife, of the first part, and The United Lumber & Supply Company, of the second part. It was executed also by Thomas S. Coleman, a defendant in this action, and F. M. McCarthy, who is not a defendant. One of the undertakings of the plaintiffs under the agreement was to release Coleman and McCarthy of all claims to date. No evidence was offered by the plaintiffs that they had given such release or were ready and willing to do so. The agreement in question provided for the giving of mutual releases upon the assignment by the Supply Company of the mechanics' liens and notes to Mrs. Bennett and the payment by the Bennetts of the $2000. The releases would naturally not be executed until both parties had performed their respective obligations under the agreement. The liens and notes were not assigned and the money was not paid, and, under the circumstances, failure to offer formal proof that the plaintiffs were ready and willing to execute such releases would not have justified a directed verdict in favor of the defendants, and that was not the ground upon which the verdict was directed. Whether or not the Vicidomino estate was insolvent, which was the issue upon which the bulk of the evidence was offered, was upon the evidence a question of fact for the jury.

The denial of the plaintiffs' request that they be permitted to withdraw the action or that a judgment of nonsuit be entered, was within the discretion of the court.

The rulings on evidence to which exception was taken were clearly correct, and do not require discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.