MARY ELIZABETH CLAYTON *vs.* JOHN R. CLAYTON
ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 6th—decided December 20th, 1932.

*Leslie N. Davis,* for the appellant (plaintiff).

*Clayton L. Klein,* for the appellees (defendants).

MALTBIE, C. J.  This is an action brought against John R. Clayton and Annie Clayton, his wife, for the alienation of the affection of the plaintiff's husband. The complaint alleges the marriage of the parties in 1915, that thereafter for more than fourteen years the plaintiff had lived happily with her husband and, in paragraph three, that during the year 1930 the defendants, intending to injure the plaintiff and deprive her of her husband's protection, society and support, by their arts, blandishments and seductions, had wilfully and maliciously alienated his love and affection. After the trial began the plaintiff asked a witness as to certain occurrences in 1926 and the court excluded the question as not within the scope of the complaint. Thereupon the plaintiff, after orally seeking permission to amend the complaint, filed a written motion to amend paragraph three to extend its allegations to the

years 1925 to 1930, inclusive, and to add a paragraph to the effect that, prior to 1925 and particularly during 1915 and 1916, the defendants acted toward the plaintiff in such a manner as to indicate malice and dislike. She also moved for a continuance of the action to enable her to amend her complaint and for permission to withdraw, the latter motion being based upon the ground that, if forced to continue the action under the restriction imposed by the court's ruling, she would be unable to prove sufficient facts to make certain of sustaining the burden of proof resting upon her. The trial court denied all three motions. The plaintiff then rested, but later, with the permission of the court, proceeded with her testimony. At the conclusion of the evidence the trial court directed a verdict for the defendants and upon the verdict rendered in accordance with that direction judgment has been entered. The grounds of appeal, aside from certain rulings upon evidence not necessary to consider, are the denial by the trial court of the three motions.

Since 1821 there has been in effect substantially unchanged a statute which provides that "when either party shall suppose that in any part of the pleadings he has missed the ground of his plea, and that he can plead a different plea that will save him in his cause, he may change his plea, answer, replication or rejoinder, as the case may be, and plead anew," with the further provisions that the other party shall be afforded a reasonable time to answer any new allegations, the party amending may be liable for costs, and the court may restrain the amendment of pleadings so far as necessary to compel the parties to join issue in a reasonable time for trial. General Statutes, 1821, p. 44, 1930, § 5543. While very likely in its inception this statute was intended to apply to amendments before trial, the policy it established has been followed as to amend-

ments offered during the trial as well. *Gulliver* v. *Fowler,* 64 Conn. 556, 565, 30 Atl. 852; *Ohlin* v. *Kowner,* 96 Conn. 394, 399, 114 Atl. 117. When an amendment is offered during the trial to remedy a situation due to mispleading, the circumstances of the particular case must largely govern the disposition of the matter, such as an unreasonable delay in the disposition of the case, fairness to the opposing party, who may have been misled or been taken unawares, confusion of the issues, negligence of the party offering the amendment, and the like; hence, as said in *Gulliver* v. *Fowler, supra:* "An amendment of the pleadings, when the case is on trial, and the evidence partly in, is never a matter of absolute right." Much must necessarily be left to the sound discretion of the court and its action is reviewable only in the case of abuse. *Goodale* v. *Rohan,* 76 Conn. 680, 681, 58 Atl. 4; *Sherman's Sons Co.* v. *Industrial & Mfg. Co.,* 82 Conn. 479, 482, 74 Atl. 773; *Verdi* v. *Donahue,* 91 Conn. 448, 453, 99 Atl. 1041. But unless there is some sound reason for denying permission to amend in order to remedy mispleading, it should be granted. *Bennett* v. *United Lumber & Supply Co.,* 114 Conn. 614, 617, 159 Atl. 572. This record shows no such reason, but the situation was, so far as appears, one where the plaintiff had simply mispleaded. The trial court was in error either in not allowing the amendment offered or in not granting a continuance to permit further pleading.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.