## DOLORES COOK *v.* JOSEPH LAWLOR ET AL.

BROWN, C. J., BALDWIN, INGLIS and O'SULLIVAN, Js.[1]

Argued May 8—decided June 10, 1952

[1]By agreement of counsel the case was argued before and decided by four judges.

*P. Corbin Kohn,* for the appellant (defendant American Construction Company).

*James N. Egan,* with whom was *Dennis P. O'Connor,* for the appellee (plaintiff).

INGLIS, J. Upon the trial of this case the jury returned a verdict for the plaintiff against both defendants. From the judgment entered thereon the defendant American Construction Company has appealed. It has assigned as error the denial of a motion for leave to amend its answer, various rulings on evidence, portions of the charge and the refusal to set aside the verdict as excessive.

The suit was returned to court in September, 1949. The complaint sounds both in negligence and in nuisance. It makes the following allegations: On December 17, 1948, about 2 o'clock in the morning, the plaintiff was riding as a passenger in an automobile which was being driven by the defendant Lawlor in a southerly direction on Fairfield Avenue in Hartford. As the car neared the intersection of Fairfield Avenue and Linnmoore Street, it collided with a power shovel which had been left parked on Fairfield Avenue by the defendant company. As a result of the collision, the plaintiff sustained personal injuries. The collision was caused by the negligence of Lawlor in the operation of the car and by the negligence of the company in leaving the shovel, unlighted and without adequate warning signs, on the public

highway under such conditions that it constituted a nuisance.

On November 5, 1949, the company filed an answer which was in essence a general denial. On March 6, 1951, new counsel entered the case for the company. On March 9, they filed a motion for leave to amend the answer by adding three special defenses, one alleging contributory negligence, another alleging assumption of risk and the third intended to set up a claim, stated, however, as a conclusion of law, that Fairfield Avenue had been legally closed to traffic. The court allowed the addition of the first but not the second, and denied without prejudice leave to file the third. This was done on March 16. The next day the company again moved for leave to amend by adding a special defense which set up facts the legal effect of which was that persons using Fairfield Avenue did so at their own risk since that highway had been officially closed to travel. This motion was denied on April 6, and it is of this denial that the company complains on this appeal. The case was reached for trial on May 9, 1951.

The statute relating to amendment of pleadings, General Statutes, § 7852, reads as follows: "Parties may amend any defect, mistake or informality in the pleadings or other parts of the record or proceedings. When either party shall suppose that in any part of the pleadings he has missed the ground of his plea, and that he can plead a different plea that will save him in his cause, he may change his plea, answer, replication or rejoinder, as the case may be, and plead anew, and the other party shall have reasonable time to answer the same; and, in any case when a party shall amend or alter any part of the pleadings or shall plead anew, if it shall occasion any delay in the trial or inconvenience to the other

party, he shall be liable to pay costs at the discretion of the court. Any court may restrain the amendment or alteration of pleadings, so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book, § 92, provides: "After the statutory right to amend without costs has expired by lapse of time, no amendment shall be filed, except by consent of the adverse party or order of court, until a motion for leave to file such amendment has been filed and granted."

The effect of the statute and the rule is that a party may, as a matter of right, make any proper amendment of his pleading subject only to the limitation that he may be restrained from doing so if, in the discretion of the court, that course is necessary to compel the parties to join issue in a reasonable time for trial or to prevent an undue delay in the trial. *Trustees* v. *Christ Church,* 68 Conn. 369, 372, 36 A. 797. We have repeatedly emphasized the fact that the decision whether the allowance of a proposed amendment will unduly delay the reaching of an issue in the pleadings or the trial itself must of necessity rest largely in the sound discretion of the trial court. *Rusch* v. *Cox,* 130 Conn. 26, 32, 31 A.2d 457; *Evans* v. *Byrolly Transportation Co.,* 124 Conn. 10, 13, 197 A. 758; *Ohlin* v. *Kowner,* 96 Conn. 394, 399, 114 A. 117; *Gulliver* v. *Fowler,* 64 Conn. 556, 565, 30 A. 852. The discretion, however, is a legal discretion and is subject to review. To justify a refusal to allow an amendment, it must appear that there was some sound reason for the trial court's exercise of its discretion in that manner. *Bennett* v. *United Lumber & Supply Co.,* 114 Conn. 614, 617, 159 A. 572; *Clayton* v. *Clayton,* 115 Conn. 683, 686, 163 A. 458; *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 369, 189 A. 172; *French* v. *French,* 135 Conn. 542,

548, 66 A.2d 714. The purpose of the statute allowing amendment of pleadings is to accomplish justice. In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment or to his adversary by granting the motion, with the resultant delay.

In the present case, the record does not expressly disclose what the reason was which led the trial court to disallow the amendment. The motion should not have been and apparently was not denied on the ground that the proposed pleading did not set up a good defense. See *Smith* v. *Furness,* 117 Conn. 97, 99, 166 A. 759; *Newman* v. *Golden,* 108 Conn. 676, 679, 144 A. 467. It is true that the case had been pending in court for a year and a half. If, after that lapse of time, the amendment had been presented during the trial of the case or even upon the eve of trial, the fact that a further delay of the trial would have resulted from its allowance might well have supported its denial in the court's discretion. See *Farrell* v. *L. G. DeFelice & Son, Inc.,* 132 Conn. 81, 89, 42 A.2d 697. Such, however, was not the situation. So far as appears from the record, the time of trial was not imminent. The case was not actually reached for trial until nearly two months after the amendment was offered. In other words, the plaintiff had ample time to close the issues and prepare to meet the defense without delaying the trial.

On the other hand, the defense set up in the proposed amendment was vital to the defendant company. If the amendment had been allowed and the facts alleged therein had been proved, they might well have constituted a complete defense to the plain-

tiff's cause of action. See *McManus* v. *Jarvis*, 128 Conn. 707, 711, 22 A.2d 857. The harm done to the defendant by the denial of its motion far outweighed any possible inconvenience to the plaintiff or delay resulting from the granting of it. We conclude that, under the circumstances, the denial of the motion was an abuse of the court's discretion. That conclusion having been reached, it becomes unnecessary to discuss any of the other assignments of error.

There is error, the judgment is set aside and the case is remanded to be proceeded with in accordance with law.

In this opinion the other judges concurred.