STATE EX REL. JOSEPH E. SCALA *v.* AIRPORT
COMMISSION OF BRIDGEPORT ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued October 5—decided November 3, 1966

*Bernard Green,* with whom, on the brief, was *John A. Arcudi,* for the appellant (plaintiff).

*John J. McGuinness,* with whom, on the brief, was *Mark F. Gross,* for the appellees (defendants).

HOUSE, J.   The principal issues raised by this appeal involve an interpretation of the civil service provisions of the Bridgeport charter and a ruling by the trial court permitting the filing of an amended answer to the complaint.   There is little

dispute as to the material facts, and the finding is not subject to correction in any detail favorable to the plaintiff.

The defendant the Bridgeport airport commission is a duly constituted authority of the city of Bridgeport and is charged with the operation of the Bridgeport Airport. The defendant the Bridgeport civil service commission is a commission established for the administration of the civil service provisions of the city charter. The position of assistant airport manager became vacant on March 2, 1962. This position is in the competitive division of the city's classified service, and the airport commission is the appointing authority for the position. On June 10, 1963, the airport commission by letter requested that the civil service commission "immediately arrange for setting up an examination for the hiring of an assistant airport manager." The civil service commission approved the request and on June 17, 1963, held an examination for the position, but none of the persons taking the examination was able to pass it. At this time there was no employment or reemployment list in existence for the position of assistant airport manager. On November 7, 1963, the civil service commission decided to offer a higher starting salary as an inducement, and another examination for the position with a higher starting salary was held on January 18, 1964. As a result of this examination an employment list was established on April 16, 1964, and the plaintiff was the person whose name was first on this employment list. The Bridgeport charter provides that no certification of appointment shall be made by the civil service commission "for one month after [the] posting of the eligible list." 22 Spec. Laws 264 § 9 (as amended, 24 Spec.

Laws 815 § 4; 27 Spec. Laws 564 §§ 1, 2). On May 18, 1964, the civil service commission advised the airport commission that the employment list was now available for use in making an appointment. On June 1, 1964, at a meeting of the airport commission, the city clerk, a member of the commission, read a letter directed to him from the civil service commission regarding the establishment of the list for the position of assistant airport manager. After the list was read, the commission formally voted to take no action. So far as the record discloses, the airport commission has taken no further action whatsoever with regard to the vacancy.

Thus, the only relevant action taken by the airport commission was to request the civil service commission to hold an examination for the purpose of establishing an employment list for the position of assistant airport manager and, after an employment list became available, to vote to take no action with respect to the filling of the position.

On these circumstances the plaintiff brought this mandamus action for an order directing the airport commission to appoint him to the position of assistant airport manager. The complaint alleged that prior to January 18, 1964, the airport commission "made a request of the Civil Service Commission that it desired to fill the vacancy in the position of Assistant Air Port [sic] Manager . . . and requested that [sic] the certification of the person who was first on the employment list." The defendants filed an answer admitting this allegation. During the trial, an amended answer, which, however, made no change in the admission of this allegation of the complaint, was filed. Subsequently, the defendants filed a motion for permission to amend their answer, this time to conform with the evidence

presented at the trial, and, after the motion was granted, they amended their answer to deny this allegation.[1] The ruling permitting the second amendment to the answer has been assigned as an error on this appeal, which has been taken by the plaintiff from a final judgment in favor of the defendants.

Such rights as the plaintiff may have are those which arise from the civil service provisions of the Bridgeport charter which were first enacted in No. 407 of the 1935 Special Acts. 22 Spec. Laws 261, No. 407. These provisions have from time to time subsequently been amended. The charter provisions are too extensive to permit a summary in this opinion, but the controlling provisions may be briefly noted. The charter provides (22 Spec. Laws 261, No. 407, § 2 [as amended, 28 Spec. Laws 101, No. 79]) that the civil service commission shall appoint a personnel director who "shall, from time to time, as conditions warrant, hold tests for the purpose of establishing employment lists for the various positions in the competitive division of the classified service." 22 Spec. Laws 264 § 9 (as amended, 24 Spec. Laws 815 § 4). Another provision of the charter (§ 5[6]) states that the personnel director shall "provide for, formulate and hold competitive tests to determine the relative

---

[1] These latter pleadings are notable for their imprecision. Although the same counsel appeared for multiple defendants, the motion for permission to amend was filed on behalf of "the defendant" and sought permission for "the defendant" to amend "its answer." The "amended answer" filed upon the granting of the motion was similarly filed by "the defendant" without further identification and is in fact not an amended answer but an amendment to the answer. Since, however, the court and both counsel consistently treated these pleadings as having been filed on behalf of all the defendants as an amendment to their answer, we follow the same course on this appeal.

qualifications of persons who seek employment in or promotion to any class of position and as a result thereof establish employment and re-employment lists for the various classes of positions; . . . [§ 5(7)] and, upon written request give the name of the person highest on the re-employment or employment list for the class to the civil service commission, who shall certify the name to the appointing authority."

The lengthy provisions of § 11 of the civil service portion of the charter control the appointing procedure. This section was originally enacted as a part of No. 407 of the 1935 Special Acts and was amended in 1945 and 1955. 24 Spec. Laws 815 § 8; 27 Spec. Laws 565 § 3. It suffices to note that in the first instance there is no requirement that an appointing authority must fill any vacancy in the classified service, and, in any event, there must be in existence a reemployment or employment list and a requisition by the appointing authority "upon the personnel director" as conditions precedent to any appointment.[2] The purpose of the requisition requirement is apparent from the further provision in § 11 that "[p]ursuant to such requisition" the personnel director shall investigate to determine whether or not the reported vacancy in the classi-

---

[2] Section 11 commences with the following language: "When a position in the competitive division of the classified service shall become vacant after the passage of this act, and when an appropriate re-employment list or employment list exists for the class to which such position is allocated, the appointing authority, within thirty days of the date said vacancy was created, shall serve notice upon the personnel director declaring whether or not it desires to fill the vacancy. If it desires to fill the vacancy, the appointing authority shall, within such thirty days, make requisition upon the personnel director for the name and address of a person eligible for appointment thereto." 22 Spec. Laws 266 § 11 (as amended, 24 Spec. Laws 815 § 8; 27 Spec. Laws 565 § 3).

fied service does in fact exist. There is also an express provision in § 11 that if the appointing authority declares its desire not to fill a vacant position or if it fails to serve notice of the vacancy on the personnel director within the thirty-day period following the creation of the vacancy, the civil service commission shall at its next regular meeting "abolish the position from the classified service."

The record does not disclose any notice from the airport commission to the personnel director declaring whether or not it desired to fill the vacancy. Even more significantly, the trial court found that there was no requisition upon the personnel director by the airport commission. Although the plaintiff has attacked this finding as one made without evidence to support it, the finding is amply supported by the testimony of the personnel director that the airport commission never requested nor requisitioned the certification of a name for the position of assistant airport manager. The plaintiff's name was never individually certified to the commission for appointment although his name was included on a posted or established employment list which included several names.

By the express terms of the charter, there are certain conditions precedent to any right of appointment by the person standing highest on an employment list prepared for a position in the classified service. First, a vacant position in the classified service must exist, which position has not been abolished following either a declaration of the appointing authority of its desire not to fill the vacancy or a failure of that authority to serve notice on the personnel director within thirty days of the date the vacancy was created as to whether

or not it desires to fill the vacancy. Then, if we assume the existence of a vacant position which the appointing authority has power to fill, the appointing authority must exercise its discretionary judgment as to whether or not it desires to fill the vacancy. Finally, if it does exercise its discretion to fill the position, the appointing authority under § 11 must "make requisition upon the personnel director for the name and address of a person eligible for appointment thereto."

Section 11 also contains the following provision: "When requisition is so made and is approved by the [civil service] commission in accordance with the provisions of this section, or when a position is held by a temporary appointee and a re-employment list or employment list for the class of such position exists, the personnel director shall forthwith certify the name of the person eligible for appointment to the appointing authority and such appointing authority shall forthwith appoint the person so certified to such position." It is only under these circumstances and upon the existence of these conditions precedent that the person standing highest on the civil service employment list for a position has a clear legal right to the appointment.

The prescribed procedure was not followed in this case. This position became vacant on March 2, 1962. There was then no reemployment or employment list for the position in existence. Consequently there was no necessity under § 11, as amended in 1955 by No. 622, § 3 (27 Spec. Laws 565), for notice to the personnel director that the airport commission wished to fill the vacancy, and it served no such notice nor made requisition on him for an eligible person. The fact that it knew of the lack of a list is indicated by its September,

1962, letter to the civil service commission requesting such a list.

Since there was no list, the personnel director could, had there been a request, have authorized a provisional appointment. 22 Spec. Laws 267 § 12. He was not, however, requested to do so, nor did he. Instead, about fifteen months later, there still being no employment list, the airport commission wrote the civil service commission asking it to arrange an examination for the position. After the lapse of nearly a year more, a usable list was established and sent to the airport commission. The plaintiff's name was the first of three names on the list. Thereafter, the airport commission voted to take no action with respect to the position. There has been no requisition on the personnel director for a certification, he has made none, and, since more than thirty days have elapsed, it becomes the duty of the civil service commission to abolish the position. 27 Spec. Laws 565 § 3.

Mandamus is not available unless the plaintiff has a clear legal right to compel performance of the act sought. It will issue only on the request of one who has a complete and immediate right. *Andrews* v. *New Haven,* 153 Conn. 156, 159, 215 A.2d 102. "It is elementary that, while mandamus is available to compel the performance of a purely ministerial act, it will not lie to direct the performance of an act involving the exercise of judgment or discretion. *Sharkiewicz* v. *Smith,* 142 Conn. 410, 413, 114 A.2d 691; *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 534, 52 A.2d 747; *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689, and cases cited; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543, 12 A.2d 767, and cases cited." *Hannifan* v. *Sachs,* 150 Conn. 162, 167, 187 A.2d 253. In the pres-

ent case the plaintiff can have no legal right to the appointment he seeks unless and until the airport commission in the exercise of its discretion decides that it desires to fill an existing vacancy, serves notice of its desire on the personnel director and makes requisition upon him for the name and address of a person eligible for the appointment. Each of these acts requires the exercise of judgment and discretion on the part of the commission. None of them is a mere ministerial act, the performance of which may be compelled by a writ of mandamus.

It is in the light of the foregoing discussion that the importance of the trial court's ruling permitting the defendants to amend their answer to the complaint becomes apparent. Before the answer was amended, it admitted the express allegations of the complaint that prior to January 18, 1964, the airport commission made a request of the civil service commission that it desired to fill the vacancy and, further, "requested that [sic] the certification of the person who was first on the employment list." The allegations being admitted, they were not in issue. *Garber* v. *Goldstein,* 92 Conn. 226, 228, 102 A. 605. Accordingly, as the pleadings stood it was unnecessary for the plaintiff to produce any evidence to prove notice by the airport commission of its desire to fill the vacancy or that it requested or requisitioned the certification of the first name on the employment list. If the admitted allegations were true, the airport commission had fully exercised its discretion, and nothing remained but the ministerial act of appointing the plaintiff to the vacant position. As the record discloses, however, the personnel director during the trial testified directly to the contrary and that there had never been a request or requisition by the airport commis-

sion for certification of the first name on the employment list and that the plaintiff's name was never certified to the commission. Obviously, because of this evidence the defendants sought and obtained permission from the court to change their admission to a denial and thus put in issue the questions whether the airport commission had notified the civil service commission of its desire to fill the vacancy and whether it had requisitioned and received certification of the plaintiff's name for appointment to the position.

Whether or not to permit an amendment to the pleadings in a case rests in the sound discretion of the court, and its action is reviewable only in case of abuse. "But unless there is some sound reason for denying permission to amend in order to remedy mispleading, it should be granted. *Bennett* v. *United Lumber & Supply Co.*, 114 Conn. 614, 617, 159 Atl. 572." *Clayton* v. *Clayton*, 115 Conn. 683, 686, 163 A. 458; see Practice Book §§ 130–39; General Statutes § 52-130; Maltbie, Conn. App. Proc. §§ 62, 63. "The purpose of the statute allowing amendment of pleadings is to accomplish justice. In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment or to his adversary by granting the motion, with the resultant delay." *Cook* v. *Lawlor*, 139 Conn. 68, 72, 90 A.2d 164.

The record is singularly barren of anything to support a claim that the ruling constituted an abuse of the court's discretion. All that appears is an assignment of error asserting that there was no evidence to support the following finding by the

court: "On January 29, 1965, the defendants filed a Motion for permission to Amend their answer so as to conform with the evidence presented at the trial. The motion did not delay the trial and the granting of such motion is discretionary with the Court." The motion appears in the record, the granting of such a motion lies in the discretion of the court, and the conforming evidence is printed in the defendants' appendix. Taking judicial notice of the file, we note that the motion to amend the answer was granted on February 9, 1965, that the amendment was filed on that day, and that the memorandum of decision on the case and the judgment rendered were both filed on February 19. There is nothing to indicate any delay in the trial, that the plaintiff claimed any prejudice or, if he did, what prejudice, or that he sought or was denied the opportunity to introduce other or additional evidence on the facts put in issue by the amended pleading. On all these circumstances, nothing appears which would indicate that the court abused its discretion in allowing the amendment.

There is no error.

In this opinion the other judges concurred.