ANGELINA C. IANNUCCI *v.* BERTHA HESSENBERGER
ET AL.

CIRCUIT COURT SIXTH CIRCUIT
FILE No. CV 6-665-24544

Memorandum filed March 10, 1967

*James O'Connor Shea,* of New Haven, for the plaintiff.

*Pouzzner & Hadden,* of New Haven, for the defendants.

WISE, J. In the instant action, the plaintiff seeks to recover for personal injuries alleged to have resulted from an automobile accident caused by the negligence of the defendants. The accident occurred on April 23, 1965. The action was begun by process dated April 5, 1966, and returnable to this court on the first Tuesday of May, 1966, claiming $7500 damages. An answer and special defense were filed on May 6, 1966. The pleadings were closed on the same day by the filing of a reply to the special defense. Also on the same day, the plaintiff claimed the case for the jury docket. There is no notation on the docket of the file that the case was ever pretried.

On February 17, 1967, new counsel filed his appearance for the plaintiff, and on the same day he filed the instant motion for permission to amend the complaint. The amendment, while it substantially repeats the alleged injuries set forth in the original complaint, does extend the nature and extent of certain of the injuries. It also increases the ad damnum to $14,000, which amount exceeds the jurisdiction of this court. The defendants do not object to the granting of the amendment in so far as it applies to the injuries, but do object to the increase of the amount claimed, which if granted, will necessitate the transfer of the case from this court to either the Superior Court or the Court of Common Pleas.

The allowance of an amendment to a complaint, after the time prescribed by § 52-128 of the General

Statutes and §§ 131 and 132 of the Practice Book has expired, rests in the sound discretion of the court. *Cummings* v. *General Motors Corporation*, 146 Conn. 443, 449. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial. *Smith* v. *New Haven*, 144 Conn. 126, 132. "The purpose of the statute allowing amendment of pleadings is to accomplish justice. In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment or to his adversary by granting the motion, with the resultant delay." *Cook* v. *Lawlor*, 139 Conn. 68, 72. The discretion, however, is a legal discretion and is subject to review. "To justify a refusal to allow an amendment, it must appear that there was some sound reason for the trial court's exercise of its discretion in that manner." Id., 71, and cases cited.

The time of trial of this case is not imminent. The amendment does not introduce a new theory of liability into the case. The allegations of negligence remain the same. The amendment as to the nature and extent of the injuries is not objected to. There is nothing involved in the amendment which the defendants are not prepared to defend against, as evidenced by their pleadings. The amendment would require no further preparation on their part. They object to increasing the ad damnum for the reasons that the plaintiff has no right to do so, having elected to claim $7500 originally, that the case is not worth the increased amount claimed, and that it is likely that the court to which the case will be transferred will in turn send it back to this

court. As to the first ground, there is no merit; and as to the second and third grounds, the defendants may ultimately be proven to be correct. But is this possibility sufficient reason to deny the increase in the ad damnum? The court is of the opinion that it is not. It is apparent that the increase in the amount claimed was inspired by the evaluation of the case by the new counsel. There is no cause to question the good faith of counsel in seeking the amendment. A resultant delay, if any, inures with equal force against the plaintiff as it does against the defendants. The plaintiff should not be denied the opportunity to proceed with her case in a court of higher jurisdiction. Since the case has not yet been pretried in this court, there is no sound basis upon which to form a reasonable opinion as to its value. This court cannot conjecture or speculate as to the value of the case. True, upon a transfer and a subsequent pretrial, the case may then be returned to this court, but such a possibility is not a sufficient reason for denying the amendment. The court is cognizant that the dockets of both the Superior Court and the Court of Common Pleas are overcrowded, but this knowledge does not warrant this court in deciding that the case must remain in this court.

The court is of the opinion that to deny the amendment will work an injustice to the plaintiff and that to grant it will not be prejudicial to the defendants.

For the foregoing reasons, the plaintiff's motion for permission to amend the complaint is granted.