[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
Plaintiff's motion is directed at a jury verdict rendered in favor of the defendants on June 26, 1992.
The reasons for the motion are stated as follows:
"1. In that the court erred in overruling plaintiff's objection to defendants' "Request to File Amended Answer," dated June 3, 1992.
2. In that the court erred in denying plaintiff's CT Page 8077 "Motion to Preclude Expert Testimony," dated June 3, 1992.
3. In that the court erred in denying the plaintiff the opportunity to call a rebuttal witness to defendants' expert, which expert was disclosed to the plaintiff six days before the commencement of trial; and
4. In that the court erred in allowing defendants' expert, a medical examiner, to testify as to matters of accident reconstruction."
 I
Did the court err in overruling plaintiff's objection to defendants request to amend complaint?
The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. Sellner v. Beechwood Construction, Co.,176 Conn. 432, 438 (1979). In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion. State Ex Re Scala v. Airport Commission, 154 Conn. 168, 178 (1966). "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." Smith v. New Haven, 144 Conn. 126,132 (1956).
Defendant's original answer left the plaintiff to her proof on the principal issue of who was operating the motor vehicle in question. The amended answer merely clarified that issue. The granting of the motion did not work an injustice to any of the parties hereto nor did it necessitate a delay of the trial. Thus the tests of the Smith case, supra, where satisfied.
 II
Did the court err in overruling plaintiff's "Motion to Preclude Expert Testimony?"
P.B. Section 220(D) provides that "each defendant shall disclose the names of his or her experts. . . .within 120 days, from the date the case is claimed to a trial list." The defendants complied with the provisions of the Practice Book section. Because CT Page 8078 the disclosure of the expert, while timely, was also shortly before the trial date, the court granted the plaintiff a continuance to depose the disclosed expert witness. Thus, the plaintiff was not prejudiced and was aware of the substance of the expert's testimony prior to his testifying in court.
 III
Did the court err in denying the plaintiff the opportunity to call a rebuttal witness to defendants' expert?
In a document entitled "Defendants' Disclosure of Expert Witness" dated May 27, 1992 and filed with the court on June 1, 1992, within the time period prescribed by P.B. Sec. 220(D), defendants disclosed to the plaintiff that they would call Dr. McDonough as an expert witness and that he would be available for a deposition prior to trial. Plaintiff did depose this expert prior to June 16, 1992 when the actual trial started. It was not until the defendants had rested their case that the plaintiff presented Richard Klaus, an accident reconstruction expert, as a rebuttal witness. The objection to Mr. Klaus testifying was sustained by the court.
"The court's decision on whether to impose the sanction of excluding the expert's testimony concerning causation rests within the sound discretion of the court." Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103,107 (1984). "In determining whether there has been an abuse of discretion the ultimate issue is whether the court could reasonably conclude as it did." Timm v. Timm, 195 Conn. 202, 207 (1985).
Plaintiff had the duty under P.B. Sec. 232 to disclose the identity of any expert witness whom she intended to call to testify. The plaintiff failed to timely disclose the rebuttal witness to the defendants even though there was opportunity to do so. The consequences of his failure should fall on the plaintiff and not on the defendants. Under the circumstances of this case, the defendants would have been denied the opportunity to prepare for or challenge plaintiff's proposed testimony Perez v. Mount Sinai Hospital, 7 Conn. App. 514, 519 (1986).
Plaintiff has cited Murphy v. Magnolia Elec. Power Ass'n, 639 F.2d 233, 234-235, (5th Cir. 1981) as CT Page 8079 authority for her position that the court should have permitted her expert to testify.
The facts in Murphy, supra, were substantially different from the instant case. Factors to be considered in deciding whether or not to exclude testimony for witness are set forth in Meyers v. Pennypack Woods, 559 F.2d 894, 904 (3rd Cir. 1977). They are (1) Prejudice or surprise of the opposing party (2) Ability of that party to cure the prejudice (3) and, the extent to which the waiver of calling the undisclosed witness would disrupt the trial. Incidentally Meyers, supra is cited in the Murphy decision.
If plaintiff's expert had been permitted to testify when presented in court after defendants' had rested, there would have been both prejudice and surprise for the defendants. This prejudice could only have been cured by permitting a deposition by defendants of the expert. This would have entailed an interruption of the trial by a lengthy continuance or a mistrial. The trial would have been disrupted.
 IV
Did the court err in allowing defendants' expert, a medical examiner, to testify as to matters of accident reconstruction?
Whether a witness possesses the qualifications to testify as an expert is largely a matter within the trial court's discretion. Oborski v. New Haven Gas Co.151 Conn. 274 (1964).
Dr. McDonough, deputy chief medical examiner for the State of Connecticut, was qualified as an expert in forensic pathology. His examination of the medical records of both the plaintiff and the defendant, Sharon Garrett was the basis of his conclusion that the injuries suffered by the plaintiff indicated that she was the operator of the motor vehicle and not the defendant, Shannon Garrett. This conclusion was within the subject of his expertise.
For the above reasons, plaintiff's Motion to Set Aside the Verdict is overruled and denied.
HAROLD M. MISSAL STATE TRIAL REFEREE CT Page 8080