[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ORDER RE: OBJECTIONS TO REQUEST
TO AMEND (NO. 223 AND 228)
Defendant Leon E. Cooper [Cooper] objected to plaintiff's request for leave to file an amended complaint adding a second count requesting reformation of the subject promissory note and a third count requesting reformation of the mortgage deed.
Cooper filed two objections; one under date of June 11, 1992 [pleading number 223] and another which was coded by the clerk on June 23, 1992 and given the pleading number 228. The file consists of ten jackets and over 250 docket entries.
This court, with the assistance of a clerk, examined all of the pleadings in early September 1993 to determine what pleading matters needed resolution. The court ordered the clerk to send notice to all counsel and pro se parties that arguments on pleadings number 223 and 228 would be heard on October 6, 1993. CT Page 8352 On that date pleading number 228 could not be found in the file. The court read and considered documents submitted by plaintiff's counsel and Cooper on October 6, 1993 relating to the proposed amendments and objections thereto. The court heard extensive argument from Cooper on why the amendments should not be allowed and considered a brief on the issues filed by Cooper at the time of the hearing. Based on the foregoing, the fact that the missing pleading docketed is an "objection to request to amend" and the further fact that the docket sheet shows that request as the only request to amend, the court is satisfied that it has heard and considered all of Cooper's objections.
Plaintiff seeks to amend his complaint by adding a second count alleging a scrivener's error in that portion of the note which states that New York law shall govern the transactions. He alleges that all parties agreed that Connecticut law would govern and that the agreement is reflected in the Connecticut law provisions of the mortgage deed.
Plaintiff seeks to add a third count to his complaint alleging that the parties agreed that certain real estate would be covered by the mortgage. The deed did not contain a complete legal description of the property even though the address in the deed was correct. Plaintiff seeks to add a legal description of the property.
Cooper argues that the amendments should not be allowed because:
1) The request comes too late.
2) If granted, the amended complaint will trigger a new round of pleadings and discovery with attendant delay.
3) The amendments change the nature of the case and requisite proof completely.
4) The amended complaint would make the case a court side foreclosure matter rather than a contract matter which could be claimed for a jury trial.
5) Plaintiff's failure to plead these matters in the original complaint was intentional and fraudulent.
6) There is no merit to the claims in any event based on CT Page 8353 affidavits filed by Cooper and uncontroverted by plaintiff.
Connecticut Courts are liberal in allowing amendments to pleadings. State v. Simmons, 26 Conn. Sup. 407 (1966) Cooper v. Ketover 35 Conn. Sup. 38 (1978) Where a late amendment is filed, the test is whether the ruling will work an injustice or unduly delay trial. Smith v. New Haven, 144 Conn. 126, 132
(1956).
The court should also be guided by who will suffer greater injustice; the mover or the other party. State Ex. Re. Scala v. Airport Commission, 154 Conn. 168, 178 (1966) Briggs v. Merrell,27 Conn. Sup. 60, 63 (1966).
The request to amend does come three and one half years after the complaint was filed, however the case has not yet been assigned for trial. It is clear from the pleadings that Cooper has long been aware of these claims. The action was brought in Connecticut claiming a foreclosure of property at 210 Sasco Hill Road, Fairfield, Connecticut. In a special defense filed under date of September 16, 1991 Cooper claims that the subject note in usurious under either Connecticut or New York law. In the same pleading, Cooper alleges that the mortgage upon which the foreclosure action is based does not contain a description of the property "in the lis pendens." Although Cooper hotly contests the merits of the proposed amendments, the subject matter of those claims should come as no surprise. These same considerations should lessen any delay necessitated by further pleadings and discovery.
Cooper claims that plaintiff had at best a "chattel mortgage" case prior to the request to amend. Allowing the amendments would change the case to an equitable foreclosure action with different burdens and standards of proof. As these matters should come as no surprise, the court is of the opinion that a greater injustice would be done by denying plaintiff's request than by granting it.
Cooper's claim for a jury trial was previously denied by Judge Stodolink on December 6, 1991 because the subject note provides a waiver of jury trial. In view of this ruling Cooper's claims as to the amendment somehow depriving him of a jury trial are without merit.
Cooper's claims of fraud go to the merits of the CT Page 8354 allegations. The court does not consider the merits of the claims in allowing the amendments. Those issues are for the ultimate trier of fact.
Objections 223 and 228 are overruled for the foregoing reasons.
SPEAR, JUDGE