[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By two count complaint dated August 29, 1995 and filed on September 18, 1995, the plaintiff, Empire Mortgage Limited Partnership VI (Empire) brought an action requesting the foreclosure of a mortgage on the premises known as 41 Tress Road, in Prospect, Connecticut. The First Count sought the foreclosure of a mortgage made by the defendants, Michael and Marilyn D'Angelo, claiming that they failed to make payments to the plaintiff required under a promissory note. The Second Count sought the enforcement of an alleged guarantee made by the defendant, Vincenzo Verna, that Michael and Marilyn D'Angelo would pay off the promissory note in question.
On October 8, 1995, the defendants filed an answer including one special defense which alleges that the plaintiff failed to give the defendants credit for payments made against the indebtedness. On April 26, 1996, the plaintiff requested leave to amend its complaint by deleting an inconsequential subparagraph within the eighth paragraph of the complaint. In all other respects the complaint was to remain in full force and effect. The defendants did not object to that amendment.
On May 9, 1996, the defendants filed a request for leave to amend their answer and special defense, to properly answer the CT Page 8028 plaintiff's amended complaint and to add a second special defense and counterclaims. On May 20, 1996 the plaintiff filed an objection to the defendants' request to amend claiming that it was untimely, unfair and non-responsive to the plaintiff's amended complaint. It is that objection which is presently before the court.
The plaintiff's objection to the defendants' request to amend can be broken down into three separate arguments: (1) the amended answer proposed by the defendants is not responsive to the changes made by the plaintiff when it amended its complaint on April 26, 1996, and therefore under Practice Book § 177 should not be allowed; (2) the defendants' request to amend is untimely and therefore should not be allowed under Practice Book § 176; and finally (3) that the proposed special defense and counterclaims are insufficient and improper as a matter of law.
Practice Book § 177 reads in pertinent part that "[w]hen any pleading is amended the adverse party may plead thereto within the time provided by Sec. 114 or, if he has already pleaded, alter his pleading, if he so desires within ten days after such amendment or such other time as these rules, or the court, may prescribe . . . . If the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable as far as possible to the amended pleading." Chapmanv. Norfolk Dedham Mutual Fire Ins. Co., 39 Conn. App. 306, 331,665 A.2d 112, cert. denied, 235 Conn. 925, 666 A.2d 1185 (1995); Practice Book § 177.
The plaintiff is correct in its assertion that the correction that was made in its amended complaint, filed April 26, 1996, was purely technical and had no substantive bearing on the plaintiff's cause of action. Equally, the defendants' amended answer is not responsive to the technical change made by the plaintiff as it is substantive and seeks to add a second special defense and two counterclaims to the initial answer and special defense. The plaintiff's first claim is that the language of Practice Book § 177 indicates an expectation that a responsive amended answer to an amended complaint is limited to the new issue raised in the amended complaint, and that since the defendants' amended answer does not do this it should be denied.
In the present case, the plaintiff requested leave to amend its complaint on April 26, 1996. The defendants then filed their request to amend the answer on May 9, 1996, thirteen days beyond CT Page 8029 the filing of the amended complaint. "It is noted that because the defendant[s] filed an answer and special defense to the plaintiff's . . . complaint, [they] had pursuant to [§] 177, within ten days of [April 26, 1996] to alter [their] prior answer. There is no indication in the court file that the defendant[s] sought an extension from the court of the time in which to alter his previous answer." Griffin v. HartconnAssociates, Superior Court, judicial district of Ansonia-Milford at Ansonia, Docket No. 03 55 61 (July 31, 1992, McGrath, J.). Since the defendants failed to amend their answer within ten days of the plaintiff filing its amended complaint, the defendants' request to amend can be denied under Practice Book § 177.
Even if this court were to deny the defendants' request to amend under Practice Book § 177, the defendants still have the right to request amendments to their answer that are not related to the plaintiff's amended complaint, pursuant to Practice Book § 176. The plaintiff's second argument is that the defendants' request to amend should be denied under Practice Book § 176 because it is untimely and unfair. Practice Book § 176 reads in pertinent part that "[e]xcept as provided in Sec. 182, a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section . . . (c) By filing a request for leave to file such amendment . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection . . . shall . . . be filed with the clerk within the time specified above and placed upon the next short calendar list. The court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. . . ." Practice Book § 176.
It is generally held that "[W]hether to allow an amendment is a matter within the sound discretion of the trial court."Connecticut National Bank v. Voog, 233 Conn. 352, 369,658 A.2d 172 (1995). "In the interest of justice, our courts have generally been most liberal in allowing amendments. Where a sound reason to amend is shown, the trial court must allow the amendment. Refusal under such circumstances constitutes an abuse of discretion. The essential tests are whether the ruling of the court will work an injustice to either party and whether the granting of the motion will unduly delay a trial. In the final CT Page 8030 analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." (Internal quotation marks omitted.) Moore v. Sergi,38 Conn. App. 829, 835, 664 A.2d 795 (1995). "In determining whether there has been an abuse of discretion, much depends on the circumstances of each case." Bourquin v. Melsungen, 40 Conn. App. 302,309, 670 A.2d 1322, cert. denied, 237 Conn. 909,675 A.2d 456 (1996).
In the present case the plaintiff claims that the defendants' request to amend is untimely and unfair because it was filed after the plaintiff had filed a motion for summary judgment and therefore after the pleadings were closed. The plaintiff cites case law as standing for the proposition that there is a preference by courts to allow amendments that are timely made before the closing of the pleadings and before summary judgment. See Conference Center Ltd. v. TRC, 189 Conn. 212, 455 A.2d 857
(1983); Powel v. Burke, 178 Conn. 384, 423 A.2d 97 (1979);Capital Restorations Corporation v. Construction Services ofBristol, Inc., 25 Conn. App. 681, 596 A.2d 927 (1991). This argument is not persuasive.
While it is true that the Connecticut Supreme Court has held that it is not an abuse of discretion to sustain an objection to a request to amend proffered in response to a motion for summary judgment; see Conference Center Ltd. v. TRC, supra, 189 Conn. 216-17, citing Citizens National Bank v. Hubney, 182 Conn. 310,313, 438 A.2d 430 (1980); "[t]he law is well settled that belated amendments to the pleadings rest in the sound discretion of the trial court [and such a court] may be well-advised to exercise leniency when amendments are proffered in response to a motion for summary judgment, rather than on the eve of trial . . . ."Conference Center Ltd. v. TRC, 189 Conn., supra, 216-17; seeCitytrust v. Shippee, Superior Court, judicial district of New London, Docket No. 51 86 44 (December 15, 1993, Hurley, J.).
In the present case, the fact that the plaintiff had filed a motion for summary judgment prior to the defendants filing their request to amend has no bearing on the courts determination of whether to allow the amendment to the answer. The plaintiff's motion for summary judgment, filed on August 26, 1996, was summarily denied by the court, Vertefeuille, J., on May 15, 1996, as failing to resolve a question of fact as to the amount of the CT Page 8031 debt owed by the defendants. Since the motion for summary judgement has already been resolved by the court, defendants amending their answer has no adverse or unfair effect on it.
The present case is not yet on the trial list. Also, the present case has not been languishing on the docket for a significant amount of time, as the initial complaint was only filed in September of 1995, just over a year ago. Finally, there is no indication, and the plaintiff has given no explanation, as to how it would be prejudiced by the granting of the defendants' request to amend. Allowing the amendment would seemingly not cause a significant delay in the proceedings or in the beginning of trial given that at the time of this writing this case has not yet even been assigned to pre-trial. "The decision of the question whether the allowance of an amendment will unduly delay the trial rests in the sound discretion of the trial court."Antonofsky v. Goldberg, 144 Conn. 594, 598, 136 A.2d 338 (1957). In such circumstances, "[i]n the interest of justice, our courts have generally been most liberal in allowing amendments." Moorev. Sergi, supra, 38 Conn. App. 835; see Wassell v. Hamberlin,196 Conn. 463, 493 A.2d 870 (1985); Tedesco v. Julius C. Pagano, Inc.,182 Conn. 339, 438 A.2d 95 (1980); Cook v. Lawlor, 139 Conn. 68,90 A.2d 164 (1952); McLaughlin v. Charette, 7 Conn. App. 570,509 A.2d 1068 (1986).
Finally, the plaintiff argues that this court should look at the substance of the special defense and counterclaims offered by the defendants in helping it decide whether to grant or deny the request to amend.
The plaintiff relies on Farrell v. L.G. DeFelice SonsInc., 132 Conn. 81, 42 A.2d 697 (1945), and Constanzo v. Hamden,18 Conn. App. 254, 557 A.2d 1279 (1989), as standing for the proposition that the validity of the claims being raised by amendment may be considered as a factor in determining the fairness of granting or denying a request to amend. While the above cases do involve the courts looking into the validity of requested amendments before them, those cases involve special circumstances that are not present in the current case. InFarrell the court was faced with a request to amend offered on the very eve of trial. The court indicated that it felt obligated to look at the validity of the proposed amendment only because "there was no opportunity to test [the proposed amendment's] legal sufficiency by demurrer, unless the trial were to be postponed." Farrell v. L.G. DeFelice Sons Inc., supra, CT Page 8032132 Conn. 89. As discussed earlier, the present case is not on the eve of trial, as the Farrell case was, and therefore the two cases are quite different.
In Constanzo the court was faced with a proposed amended answer that called into question the subject matter jurisdiction of the court. The court rightfully realized that such a question "must be acted upon by the court, regardless of the form of the motion or the contents of the pleadings." Constanzo v.Hamden, supra, 18 Conn. App. 258. The result was that the court looked at the substance of the allegation before ruling on the request to amend. Again, the circumstances are quite different in the present case in that the defendants have made no claims that this court lacks subject matter jurisdiction. Therefore, the court need not inspect the substance of the proposed special defense and counterclaims before determining whether to grant or deny the defendants' request to amend.
In general, notwithstanding the exceptions just discussed, the applicable rule is that "substantive rights are not to be determined upon a motion for permission to amend." Smith v.Furness, 117 Conn. 97, 99-100, 166 A. 759 (1933); Cook v. Lawlor,
supra, 139 Conn. 72; Fitch v. State, 139 Conn. 456, 460,95 A.2d 255 (1953); Newman v. Golden, 108 Conn. 676, 679, 144 A. 467
(1929); see also Badorek v. Suchecki, Superior Court, judicial district of New Haven at New Haven, Docket No. 36 03 64 (November 10, 1994, Hodgson, J.) (the court refused to pass on whether a cause of action, asserted in a counterclaim included in a proposed amended answer, was barred by the statute of limitations); Blair v. Fretz, Superior Court; judicial district of Middlesex; Docket No. 06 35 80 (March 9, 1993, Higgins, J.) (the court refused to use a ruling on a motion to amend the pleadings to decide issues of law).
Questions of law are properly raised by the motion to strike, motion to dismiss and motion for summary judgment after the pleading has been allowed. "A party seeking leave to amend should be given a full and orderly opportunity to respond to a defense."Badorek v. Suchecki, supra. Based on the above discussed case law, the court will not look at the validity and the substance of the proposed amendments to the defendants' answer before ruling on the defendants' request to amend, and need not address the plaintiff's arguments that the proposed special defense and counterclaims are insufficient as a matter of law. CT Page 8033
"In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment or to his adversary by granting the motion, with resultant delay." Cook v. Lawlor,
supra, 139 Conn. 72; see also Corcoran v. Jacovino, 161 Conn. 462,471, 290 A.2d 225 (1971). The facts of the present case seem to indicate clearly that the greater injustice would be done to the defendants by denying them their day in court on the subject matter of the proposed amendment rather than to the plaintiff as the result of a possible delay in the proceedings.
The plaintiff has failed to show that allowing the amendment will cause an unreasonable delay, will mislead it, will take unfair advantage of it or confuse the issues, or that there has been negligence on that part of the defendants. Moore v. Sergi,
supra, 38 Conn. App. 835. In any event, the plaintiff will have "ample time to close the issue[s] and prepare to meet the defense[s] without delaying the trial." Cook v. Lawlor, supra,139 Conn. 72. Should the plaintiff continue to believe that the claims made by the defendants in the amended complaint are legally insufficient it can attack them through a motion to strike.
"[U]nless there is some sound reason for denying permission to amend in order to remedy mispleading, a request to do so should be granted." Falby v. Zarembski, 221 Conn. 14, 24,602 A.2d 1 (1992), quoting Clayton v. Clayton, 115 Conn. 683, 686,163 A. 458 (1932). In conclusion, the plaintiff's objection to the granting of the defendants' motion to amend their answer and special defense is overruled.
KULAWIZ, J.